UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MONACHELLI,<br>    Plaintiff,<br>    v.<br>HORTONWORKS, INC, et al.,<br>    Defendants. | Case No. 16-cv-00980-SI<br><br>**ORDER RE: APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 20, 24 |

Now before the Court is Randall A. Arvidson's unopposed motion for appointment of lead plaintiff and lead counsel. Docket No. 24. For the below reasons, the Court APPOINTS Arvidson as lead plaintiff and APPROVES his selection of Pomerantz LLP as lead counsel.

**BACKGROUND**

Plaintiff William Monachelli brings this class action lawsuit for violation of the federal securities laws against defendants Hortonworks, Inc., Robert G. Bearden, and Scott J. Davidson. He sues on behalf of a class of persons who bought or otherwise acquired the common stock of Hortonworks between November 4, 2015, and January 15, 2016 (the "class period"), both dates inclusive. Docket No. 1, Compl. ¶ 2. He brings claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.

This suit alleges that defendants made "materially false and misleading statements regarding the Company's business, operations, cash position, prospects, and internal controls." Compl. ¶ 5. The complaint asserts that, consequently, Hortonworks securities traded at inflated rates during the class period. *Id.* ¶ 8. After announcing on January 15, 2016, that it had retained Goldman Sachs to raise $100 million in a secondary offering, Hortonworks' stock fell almost 37% to close at $10.44 on the next trading day. *Id.* ¶¶ 6, 7. On February 29, 2016, Monachelli filed

this federal securities class action. Also on February 29, 2016, notice of this action was published over *Globe Newswire,* announcing the action and notifying Hortonworks investors of the deadline to file a motion for lead plaintiff appointment. Docket Nos. 21, Ex. 1; 25, Ex. A.

On April 29, 2016, Babu Pinnamraju and Randall A. Arvidson filed motions for appointment as lead plaintiff. Docket Nos. 20, 24. On May 12, 2016, Pinnamraju filed a statement of non-opposition to Arvidson's motion. Docket No. 29. On the same day, defendants filed a response to Arvidson's motion, taking no position on the selection of lead plaintiff and lead counsel but disputing the document preservation provisions in Arvidson's proposed order. Docket No. 30. On May 19, 2016, Arvidson submitted a revised proposed order, removing the provisions that defendants disputed. Docket No. 32. He also moved to vacate the June 2, 2016 motion hearing, which the Court granted. Docket Nos. 33, 36, 38.

## LEGAL STANDARD

Section 21D of the Private Securities Litigation Reform Act of 1995 ("PSLRA") aims to promote the participation of the "most capable" plaintiff in class action litigation, as well as to supervise and control the lawyers representing the class. Joint Explanatory Statement of the Committee of Conf., Conference Report on Sec. Litig. Reform, H.R. Conf. Rep. No. 104-39 at 32 (1995); s*ee generally In re Microstrategy Inc. Sec. Litig*., 110 F. Supp. 2d 427, 432-36 (E.D. Va. 2000). Under the procedures set out in the PSLRA, all proposed lead plaintiffs must submit a sworn certification to assure the Court that the plaintiff (i) has suffered more than a nominal loss, (ii) is not a professional litigant, and (iii) is otherwise interested and able to represent the class. 15 U.S.C. § 78u-4(a)(2)(A). The plaintiff in the first filed lawsuit must additionally publish notice of the complaint in a widely circulated business publication within twenty days of filing the complaint. *Id*. at § 78u-4(a)(3)(A)(I). The notice must describe the claim and notify prospective class members that they may move within 60 days of the notice to be named lead plaintiff.

Once applications for lead plaintiff status are closed, the district court must determine who among the movants is the "most adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(I). The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class

that the court determines to be most capable of adequately representing the interests of class members . . . ." *Id*. In the Ninth Circuit, *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), governs lead plaintiff selection and establishes a three-step process. First, as discussed above, timely and complete notice of the action must be published. *Cavanaugh*, 306 F.3d at 729. Second, the district court considers the losses suffered by potential lead plaintiffs and selects "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Id*. at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). Finally, the court focuses on that plaintiff to ensure that the proposed lead plaintiff "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. A plaintiff who satisfies the first two steps becomes the "presumptively most adequate plaintiff." *Id*. In step three, other plaintiffs have the opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy. *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Once the court has designated a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Ninth Circuit has explained that "the district court does not select class counsel at all," but instead generally approves the lead plaintiff's selection of counsel. *Cavanaugh*, 306 F.3d at 732.

## DISCUSSION

### I.     Lead Plaintiff Appointment

Here, the first step of *Cavanaugh* is satisfied because notice of this action was published within twenty days of the suit's filing. *See Cavanaugh*, 306 F.3d at 729; Docket Nos. 21, Ex. 1; 25, Ex. A. Plaintiff Arvidson has filed the certification required by the PSLRA. Docket No. 25, Ex. B. Moreover, he has the largest financial interest in the outcome of the litigation, having a claimed loss of $99,550.00, thereby exceeding plaintiff Pinnamraju's loss of $12,536.13. *See* 15 U.S.C. § 78u-4(a)(2)(A)); Docket Nos. 20 at 4, 24 at 1. Arvidson is therefore the "presumptively

1  most adequate plaintiff" so long as he meets the typicality and adequacy requirements of Rule
2  23(a). *See Cavanaugh*, 306 F.3d at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

3  The typicality inquiry focuses on defendants' behavior rather than plaintiff's. *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 373 (D. Del. 1990). "[T]he typicality requirement is satisfied when the 'plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory.'" *In re Lucent Techs., Inc. Sec. Litig.*, 194 F.R.D. 137, 150 (D.N.J. 2000) (citations omitted). Here, the common question is whether defendants made misrepresentations that artificially inflated the company's stock price. As there is no suggestion that defendants took any action specific to Arvidson that would render him atypical, Arvidson meets the typicality threshold.

Rule 23(a)(4) states that the lead plaintiff must fairly and adequately protect the class interests. Fed. R. Civ. P. 23(a)(4). This inquiry gives other plaintiffs the opportunity to discredit the presumptive lead plaintiff. *Cavanaugh*, 306 F.3d at 730. As none of the parties oppose Arvidson's motion to act as lead plaintiff, and in fact the only other movant filed a notice of non-opposition in light of Arvidson's motion, Docket No. 29, the Court finds that Arvidson is properly the most adequate plaintiff and GRANTS his motion for appointment as lead plaintiff.

## II.     Lead Counsel Appointment

The PSLRA states that "[t]he most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." *Id.* at § 78u-4(a)(3)(B)(iii)(II)(aa). *Cavanaugh* bars the Court from "select[ing] for the class what it considers to be the best possible lawyer . . . ." *Cavanaugh*, 306 F.3d at 732.

Here, Arvidson seeks the appointment of Pomerantz LLP as lead counsel. Pursuant to the PSLRA, the Court accepts this choice.[1] The Court hereby incorporates the terms of Arvidson's

---

[1] Although counsel for Arvidson apparently scheduled himself to be in Connecticut on the day that the hearing on this motion was set, the Court will not at this time find this to be a reason

4

revised proposed order, including the responsibilities and duties of lead counsel.  *See* Docket No. 32-1.

## CONCLUSION

For the foregoing reasons, the Court DENIES Babu Pinnamraju's motion and GRANTS Randall A. Arvidson's motion.  *See* Docket Nos. 20, 24.

**IT IS SO ORDERED**.

Dated:  June 1, 2016

_____

SUSAN ILLSTON
United States District Judge

---

to reject Arvidson's selection of counsel.  *See* Docket No. 37, Tuccillo Decl. ¶ 5.