# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>**Class Action**<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>The Hon. Susan Illston |

## TABLE OF CONTENTS


I. THE LITIGATION ........ 1
II. PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT ........ 3
III. SETTLING DEFENDANTS' DENIALS OF LIABILITY ........ 4
IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT ........ 5
DEFINITIONS ........ 5
CAFA NOTICE ........ 12
CLASS CERTIFICATION ........ 13
RELEASES AND BAR ORDER ........ 13
SETTLEMENT CONSIDERATION ........ 16
USE OF SETTLEMENT FUND AND ADMINISTRATION OF THE ESCROW ACCOUNT ........ 17
USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT ........ 19
PLAN OF ALLOCATION ........ 19
ADMINISTRATION OF THE SETTLEMENT ........ 20
DISTRIBUTION OF THE SETTLEMENT ........ 23
TAXES ........ 24
ATTORNEYS' FEES AND EXPENSES ........ 25
TERMS OF ORDER FOR NOTICE AND HEARING ........ 26
TERMS OF ORDER AND JUDGMENT ........ 27
EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION ........ 27
OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY ........ 29
LIMITATIONS ON USE OF THIS STIPULATION ........ 29
MISCELLANEOUS PROVISIONS ........ 31

This Stipulation and Agreement of Settlement dated March 27, 2017 ("Stipulation") is submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408. Subject to the Court's approval, this Stipulation is entered into between and among Lead Plaintiff Randall A. Arvidson ("Arvidson") and Plaintiff William Monachelli ("Monachelli") (together with Arvidson, the "Plaintiffs"), individually and on behalf of each member of the proposed Settlement Class (defined below), and Defendants Hortonworks, Inc. ("Hortonworks"), Robert G. Bearden ("Bearden"), and Scott J. Davidson ("Davidson") (together, the "Settling Defendants"), by and through their respective counsel, and sets forth a settlement (the "Settlement") of the above-captioned action (the "Action").[1] The Settlement is intended to fully, finally, and forever resolve, discharge, and settle the Action and the Settled Claims (including Unknown Claims, as defined below) upon and subject to the terms and conditions set forth herein.

## I. <u>THE LITIGATION</u>

Following the announcement by Defendant Hortonworks of a follow-on offering on January 15, 2016, Plaintiff Monachelli filed this securities class action on February 29, 2016. The initial complaint (Dkt. No. 1) asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"), 17 C.F.R. § 240.10b-5, alleging that Defendants made material misstatements and omissions between November 4, 2015 and January 15, 2016 concerning Hortonworks' operations and prospects, particularly its need and/or intent to raise cash through an equity offering. Defendants deny the allegations in that complaint.

On April 29, 2016, multiple movants, including Arvidson, filed motions and supporting papers seeking appointment by the Court to serve as lead plaintiffs under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4. On June 1, 2016, the Court entered an Order

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

appointing Arvidson to serve as Lead Plaintiff and appointing his choice of counsel, Pomerantz LLP ("Pomerantz"), also counsel for Monachelli, to serve as Lead Counsel.

On July 28, 2016, Plaintiffs filed their First Consolidated Amended Complaint for Violation of the Federal Securities Laws (Dkt. No. 42). It included allegations by certain confidential witnesses, asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, and alleged that Defendants made a broader set of material misstatements and omissions between August 5, 2015 and January 15, 2016 concerning Hortonworks' business operations and prospects, particularly its need and/or intent to raise cash through an equity offering. Defendants also deny the allegations in the First Consolidated Amended Complaint.

On September 12, 2016, Defendants filed a motion to dismiss the First Amended Consolidated Complaint, supported by a memorandum of law, declaration, and various materials for which they sought judicial notice (Dkt. Nos. 43-45). Plaintiffs opposed the motion to dismiss and request for judicial notice (Dkt. Nos. 46-47). Defendants filed their reply, along with an additional declaration and supplemental request for judicial notice on November 17, 2016 (Dkt. Nos. 48-51). The motion was fully briefed by November 17, 2016.

By Order dated December 5, 2016 (Dkt. No. 52), the Court granted Defendants' motion to dismiss, without prejudice. Its Order gave Plaintiffs until January 6, 2017 to file a further amended complaint.

Counsel for Plaintiffs and Defendants thereafter engaged in extensive settlement negotiations, while Plaintiffs continued to investigate a potential amended pleading, including through work done by their private investigator. An understanding in principle was reached on December 29, 2016 to settle the Action as to all Defendants and to fully resolve all pending claims of Plaintiffs and the proposed settlement class in this Action in exchange for creation of a one million one hundred thousand dollar ($1,100,000) Settlement Fund (defined below) and the giving of mutual releases as described herein. Thereafter, Lead Counsel and counsel for Settling Defendants negotiated a Memorandum of Understanding, executed on January 5, 2017.

Per a Stipulated Schedule between Plaintiffs and Settling Defendants, which they filed on January 5, 2017 (Dkt. No. 53) and which the Court so ordered on January 9, 2017 (Dkt. No. 54), the deadline for Lead Plaintiff to file a further amended complaint has been stayed pending the outcome of the settlement approval process.

## II. PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Lead Counsel have conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Action. Specifically, the investigation included, among other things: (i) interviews with many former Hortonworks employees; (ii) extensive consultation with, and analysis by, damages experts; (iii) detailed reviews of Hortonworks' public filings, annual reports, press releases, and other publicly available information; (iv) review of analysts' reports and articles relating to Hortonworks; and (v) research of the applicable law with respect to the claims asserted in the complaints filed in the litigation and the potential defenses thereto.

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this Action against Settling Defendants, such as a second motion to dismiss, and, potentially, a motion for class certification, a cross-motion for summary judgment, trial, and appeals. Plaintiffs are entering into this Settlement in view of, among other things, the significant funds the Settlement will provide to Settlement Class Members and the avoidance of the uncertainties, burden, risk, and expense of further litigation against the Settling Defendants. Plaintiffs and Lead Counsel are mindful of the inherent problems of proof of, and possible defenses to, the federal securities law violations asserted in the Action, as already highlighted by this Court's Order granting Defendants' first motion to dismiss. Based on the foregoing, and in acknowledgement of this Court's rulings to this point, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation confer substantial benefits upon the Settlement Class; are fair, reasonable, and adequate to the

Settlement Class; and that it is in the best interests of the Settlement Class to settle the claims asserted in the Action against Defendants Hortonworks, Bearden, and Davidson now, pursuant to the terms and provisions of this Stipulation.

As set forth in ¶60 below, and pursuant to the Federal Rules of Evidence, this Stipulation shall in no event be construed as or deemed to be evidence of any admission or concession by the Plaintiffs or any Settlement Class Member or Lead Counsel that any of the claims lack merit, that any of the Settling Defendants' defenses to the claims have merit, or that damages recoverable in the action would not have exceeded the Settlement Fund amount.

## III. SETTLING DEFENDANTS' DENIALS OF LIABILITY

The Settling Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made in the Action. They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws or have otherwise misled investors as alleged in the Action. Each Settling Defendant has denied and continues to deny specifically each and all of the claims alleged in the Action; all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions, alleged in the Action; the allegations that any of the Settling Defendants made any material misstatements or omissions; and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action. In addition, the Settling Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

Nonetheless, the Settling Defendants have concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting. The Settling Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action. The Settling Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth in ¶60 below, and pursuant to the Federal Rules of Evidence, this Stipulation shall in no event be construed as or deemed to be evidence of any admission or concession by the Settling Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and all Settlement Class Members), on the one hand, and the Settling Defendants, on the other hand, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to them from the Settlement set forth herein, the Action and the Settled Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to the Settling Defendants, upon and subject to these terms and conditions set forth herein:

### DEFINITIONS

1. In addition to the other defined terms herein, the following definitions shall apply in this Stipulation:

(a) "Action" means *Monachelli v. Hortonworks, Inc.*, No. 3:16-cv-00980-SI (N.D. Cal.).

(b) "Amended Complaint" means the First Consolidated Amended Complaint (Dkt. No. 42) filed in the Action.

(c) "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim to the Settlement Administrator, in accordance with the requirements established by the Court, which is approved for payment from the Settlement Fund.

(d) "Claimant" means a Settlement Class Member who submits a Proof of Claim to the Settlement Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(e) "Class Period" means the period of August 5, 2015 through January 15, 2016 (both dates inclusive).

(f) "Defendant Claims" means any and all claims, rights, causes of action, and liabilities of every nature and description, whether known or Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Settling Defendants, which any of the Settling Defendants could pursue against the Plaintiffs, Lead Counsel, or any Settlement Class Member or their attorneys, agents, experts, or investigators. Defendant Claims do not include any claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

(g) "Effective Date" means the first date by which all of the events and conditions specified in ¶53 below have been met and have occurred, at which time the Settlement contemplated by this Stipulation shall become effective.

(h) "Escrow Account" means the escrow account or accounts to be established by Lead Counsel at Huntington National Bank, into which the Settlement Consideration shall be wired, transferred, or otherwise paid pursuant to ¶11 below.

(i) "Escrow Agent" means Huntington National Bank.

(j) "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any for commencing any further appeal has expired. For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal

Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of *certiorari*, or other proceeding involving writs of *certiorari* or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order or the part of an order adopting or approving a Plan of Allocation or solely to any order or the part of an order issued solely with respect to an application for attorneys' fees and expenses pursuant to ¶¶ 45-49 herein shall not in any way delay or preclude the Judgment from becoming Final.

(k) "Individual Defendants" means Robert G. Bearden and Scott J. Davidson.

(l) "Judgment" means the Judgment and Order of Final Approval to be entered by the Court following the settlement fairness hearing ("Settlement Hearing") approving the Settlement, substantially in the form attached hereto as Exhibit E.

(m) "MOU" means the Memorandum of Understanding executed by the parties on January 5, 2017.

(n) "Net Settlement Fund" means the Settlement Fund, less (i) any taxes; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, litigation expenses, and Plaintiff compensatory awards awarded by the Court.

(o) "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, in all material respects in the form attached hereto as either Exhibit B1 (long form) or Exhibit B2 (short form), whichever is approved by the Court in light of the circumstances present at the time of its Preliminary Approval Order, which is to be sent to the Settlement Class.

(p) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Settlement Administrator and/or the Escrow Agent in connection with administering the Settlement, including but not limited to: (i) providing notices to the Settlement Class; (ii) administering the claims process, (iii) engaging in Settlement-related communications with Settlement Class Members, and (iv) overseeing the administration of the Escrow Account.

(q) "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

(r) "Plan of Allocation" means the plan for allocating the Net Settlement Fund, as set forth on page 16 of Exhibit B1, or such other plan of allocation as the Court may approve.

(s) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice be provided to the Settlement Class.

(t) "Proof of Claim" means the Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit D, which a putative Settlement Class Member must complete and timely submit to the Settlement Administrator if that Settlement Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(u) "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit C, which is to be published in a national business publication or via a national business newswire, as in the normal course of class action settlement notices, and be posted also on the Claims Administrator's website.

(v) "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Settlement Administrator to be compensable under the Plan of Allocation.

(w) "Released Persons" means, collectively, each and all of (i) the Settling Defendants, the members of each Individual Defendant's immediate family, any entity in which any Settling Defendant or member of any Individual Defendant's immediate family has, or had

during the Class Period, a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his family; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, controlling shareholders, directors, divisions, domestic partners, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters and other retained professionals, in their respective capacities as such.

(x) "Settlement" means this Stipulation and Agreement of Settlement and the settlement contained herein.

(y) "Settlement Administrator" means the firm of Strategic Claims Services which, subject to Court approval, shall administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of either Exhibit B1 or Exhibit B2 hereto, arranging for publication of the Notice in the form of Exhibit C hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

(z) "Settlement Administration Account" means an interest-bearing account to be maintained by Lead Counsel with the Escrow Agent for payment of the expenses incurred by the Settlement Administrator in administering the Settlement.

(aa) "Settlement Amount" means one million one hundred thousand dollars ($1,100,000.00).

(bb) "Settlement Class" means all Persons who purchased or otherwise acquired Hortonworks securities during the Class Period. Excluded from the Settlement Class are the Settling Defendants and their immediate family members; any officer or director of

Hortonworks during the Class Period; any entity in which any Settling Defendant has, or had during the Class Period, a controlling interest; and the heirs, successors-in-interest, or assigns of any excluded person.

(cc) "Settled Claims" means the Settlement Class Claims and the Defendant Claims.

(dd) "Settlement Class Claims" means, collectively, any and all claims, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or Unknown Claims, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that any of Plaintiffs or the Settlement Class Members: (i) asserted in the Action; (ii) could have or might have asserted in the Action and/or in any other litigation, action, or forum, and which arise out of, are based upon, or are related in any way, directly or indirectly, in whole or in part, to (a) both: (1) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Action, and (2) any purchase, sale, acquisition of, or decision to hold, Hortonworks common stock during the Settlement Class Period; and/or (b) the Settling Defendants' defense or settlement of the Action and/or the Settling Defendants' defense or settlement of the Settlement Class Claims; and/or (iii) could or might assert related to the administration of the Settlement with respect to which the Released Persons' obligations are limited to the requirement that the Settling Defendants pay the Settlement Consideration and assist with identifying Settlement Class Members and excluded persons as set forth below. Notwithstanding the foregoing, "Settlement Class Claims" does not include claims relating to the enforcement of the Settlement.

(ee) "Settlement Class Member" means a Person who is a member of the Settlement Class that does not exclude himself, herself, or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(ff) "Settlement Consideration" means the Settlement Amount that Settling Defendants shall pay or cause to be paid into the Escrow Account within twenty-one (21) days after the later of (i) execution of this Stipulation; or (ii) receipt by Settling Defendants' counsel from Lead Counsel of complete and accurate wiring instructions, payment address, and a complete and accurate W-9 form.

(gg) "Settlement Fund" means the Settlement Consideration plus any and all interest accrued thereon in the Escrow Account.

(hh) "Settlement Fund Distribution Order" means an order entered by the Court authorizing and directing distribution, in whole or in part, of the Net Settlement Fund to the Authorized Claimants.

(ii) "Settling Defendants" means Defendants Hortonworks, Bearden, and Davidson.

(jj) "Settling Parties" means Plaintiffs, on behalf of themselves and the Settlement Class Members, and the Settling Defendants.

(kk) "Taxes" means: (i) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund; (ii) any taxes or tax detriments that may be imposed upon the Settling Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, provided that any such taxes or tax detriments are reported to Lead Counsel and the Escrow Agent at least fourteen (14) days before distribution of the Net Settlement Fund to the Settlement Class Members; and (iii) the reasonable and necessary costs and expenses incurred in connection with determining the amount of, and paying, any taxes owed by the Net Settlement Fund (including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants).

(ll) "Unknown Claims" means collectively, any and all Settlement Class Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist

in his, her, or its favor, and any Defendant Claims that any Settling Defendant does not know or suspect to exist in his, her or its favor, which, if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Settlement Class Claims and Defendant Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settlement Class Members (as regards the Settlement Class Claims) and the Settling Defendants (as regards the Defendant Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 ("CCC § 1542"), or any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable or equivalent in effect to CCC § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**CAFA NOTICE**

2. Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, the Settling Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, and shall thereafter notify Lead Counsel as to completion of such service.

## CLASS CERTIFICATION

3. For the sole purpose of the Settlement and for no other purpose, the Settling Parties stipulate, agree, and consent to: (a) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the Settlement Class; (b) appointment of Plaintiffs as class representatives; and (c) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with the consent of Settling Defendants, shall apply to the Court for entry of the Preliminary Approval Order in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only.

4. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs. Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement and Judgment do not become Final. Settling Defendants expressly reserve the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

## RELEASES AND BAR ORDER

5. The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to the Settling Defendants, and shall fully and finally release any and all Settled Claims (including Unknown Claims) against the Settling Defendants and all Released Persons.

6. Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement

Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement Class Claims (including Unknown Claims), against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Settlement Class Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant hereto and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind. The foregoing provisions shall not apply to any Person who would be a member of the Settlement Class and timely excludes himself, herself or itself.

7. By entering into this Stipulation, Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Settlement Class Claims to any other Person, and the Settling Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Defendant Claims to any other Person.

8. The Proof of Claim form to be executed by Claimants shall release all Settlement Class Claims (including Unknown Claims) against all Released Persons and shall be substantially in the form attached hereto as Exhibit D.

9. Upon the Effective Date, Settling Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any Person(s) (claiming now or in the future) through or on behalf of any of them

directly or indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Action, Lead Counsel and their attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiffs, Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

10. It is understood that Plaintiffs and the other Settlement Class Members or Settling Defendants, or any of them, may hereafter discover additional or different facts from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Settlement Class Claims or Defendant Claims (including Unknown Claims), but each of the Plaintiffs and the Settling Defendants shall, upon the Effective Date, expressly fully, finally and forever discharge, settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged, settled and released any and all Settled Claims. Plaintiffs and Settling Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waiver of Settled Claims that are Unknown Claims, including the provisions, rights, and benefits of CCC § 1542

(and the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims), was separately bargained for and is a material element of the Settlement.

**SETTLEMENT CONSIDERATION**

11. As full and complete consideration for the Settlement, Settling Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within twenty-one (21) days after the later of (i) execution of this Stipulation; or (ii) receipt by Settling Defendants' counsel from Lead Counsel of complete and accurate wiring instructions, payment address, and a complete and accurate W-9 form.

12. Other than the obligation of the Settling Defendants to pay or cause to be paid the Settlement Amount into the Escrow Account, under no circumstances will any Released Person have any obligation to make any payment pursuant to this Settlement set forth herein, and no responsibility for, or liability or obligation whatsoever, to anyone, with respect to the Settlement Fund, the Net Settlement Fund, the Escrow Account, the Settlement Agent, the Settlement Agent's actions, any transaction executed or approved by the Escrow Agent, the maintenance, administration, investment or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or administration of the Plan of Allocation, the determination, administration or calculation of claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters. The Released Persons shall have no further or other liability or obligations to Plaintiffs, Lead Counsel, or any Settlement Class Member with respect to the Settlement Class Claims, except as expressly stated herein. Notwithstanding anything herein to the contrary, the Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants all funds necessary to pay all Notice and Administration Costs and all other fees, costs and expenses associated with administration of the Settlement and the Settlement Fund; neither the Settling Defendants nor their counsel nor any other Released person is responsible therefor, nor shall they have any liability whatsoever with respect thereto, above and beyond the Settling Defendants' obligation to pay the Settlement

Amount into the Escrow Account as set forth above. The Settlement Fund shall indemnify and hold harmless all Released Persons for any costs of administration of the Settlement and the Settlement Fund of any kind whatsoever (including, without limitation, costs associated with any such indemnification).

13. The interest earned on the Settlement Fund pursuant to ¶15 below shall be for the benefit of the Settlement Class if the Settlement and Judgment become Final. If the Judgment does not become Final or the Settlement is terminated, the interest earned on the Settlement Fund shall be returned to the Settling Defendants.

**USE OF SETTLEMENT FUND AND ADMINISTRATION OF THE ESCROW ACCOUNT**

14. Prior to any distribution of the Net Settlement Fund, the Settlement Fund shall be used to pay: (i) any Taxes; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, litigation expenses, and Plaintiff compensatory awards awarded by the Court. Under no circumstances shall Plaintiffs or any Settlement Class Member or Lead Counsel have any responsibility for payment of such costs.

15. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund is distributed pursuant to this Stipulation and/or further order of the Court. Until such time as the Settlement and Judgment become Final, the Escrow Agent shall invest the Settlement Consideration in United States Treasury Bills with a maturity of 90 days or less in an account held at a nationally recognized financial institution and shall collect and reinvest all interest accrued thereon. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

16. The Escrow Agent will bear all responsibility and liability for managing the Settlement Fund for the benefit of the Settlement Class, and cannot assign or delegate its responsibilities without approval of Lead Counsel. Statements of account will be provided to Lead Counsel on a monthly basis until the Judgment becomes Final.

17. The Escrow Account will, to the extent possible, be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for ensuring that the Escrow Account complies with the requirements and regulations governing Qualified Settlement Funds, for filing all informational and other tax returns (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund, and for paying all Taxes owed with respect to the Settlement Fund. The Released Persons shall not have any liability or responsibility for any such Taxes. Upon written request, the Settling Defendants will provide to the Escrow Agent the statement described in Treasury Regulation § 1.468B-1(j). The Escrow Agent shall timely make such elections as may be advisable to carry out this paragraph, including making a "relation back election" as described in Treasury Regulation § 1.468B-2(k)(3), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all such actions as may be necessary or appropriate in connection therewith.

18. In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to Settling Defendants. Plaintiffs and the Settlement Class Members shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Settling Defendants.

**USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT**

19. Upon entry of the Preliminary Approval Order, the Escrow Agent may transfer two hundred thousand dollars ($200,000.00) from the Escrow Account to the Settlement Administration Account in order to pay reasonable, necessary, and actually incurred Notice and Administration Costs related to the Settlement. No other disbursements from the Escrow Account related to the Settlement will occur until the Judgment becomes Final, absent agreement of the Settling Parties and approval from the Court.

20. After the Judgment becomes Final, any remaining monies in the Settlement Administration Account shall be transferred back to the Escrow Account. In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Settlement Administration Account, including interest earned, shall be returned to Settling Defendants except for any monies already paid, or then due to be paid for work already performed, for administration costs, including notice costs and Taxes. Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Settling Defendants.

21. Without prior approval from the Court, Lead Counsel may pay the Settlement Administrator from the Settlement Administration Account for the reasonable and necessary costs and expenses associated with administering the Settlement, including without limitation identifying and notifying members of the Settlement Class.

**PLAN OF ALLOCATION**

22. The Settlement Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation. The Plaintiffs and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation.

23. The Plan of Allocation proposed in the Notice, as set forth on page 16 of Exhibit B1 hereto or as accessible via the information provided in Exhibit B2 hereto, and Plaintiffs'

proposed form of order approving the Plan of Allocation, attached hereto as Exhibit F, are not necessary terms of this Stipulation or the Settlement, and any change, modification, or alteration to the Plan of Allocation by the Court shall not be grounds for termination of the Settlement. The Plan of Allocation is to be considered by the Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation.

**ADMINISTRATION OF THE SETTLEMENT**

24. As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of the Settlement Administrator. The Settlement Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Proofs of Claim and subject to the jurisdiction of the Court. Other than the Settling Defendants' obligation to cooperate in the production of information with respect to the identification of Settlement Class Members and excluded persons as provided in ¶ 25 below, no Released Person shall have any involvement in, responsibility for, or liability or obligation whatsoever with respect to the selection of the Settlement Administrator, the Plan of Allocation, the administration of the Settlement, the management, disposition, investment, distribution, allocation, or disbursement of the Settlement Fund or the Net Settlement Fund, the determination, administration, calculation or payment of claims, the payment or withholding of Taxes, any nonperformance of the Settlement Administrator or any losses incurred in connection with any such matters. No Person shall have any claim against the Released Persons or the Settling Defendants' counsel arising from or relating to any of the foregoing, and Lead Plaintiff, Lead Counsel and each other Settlement Class Member hereby fully, finally and forever releases, relinquishes and discharges the Released Persons and Settling Defendants' counsel from any and all such liability.

25. Defendant Hortonworks shall cooperate in the production of information with respect to the identification of Settlement Class Members from Hortonworks' shareholder

transfer records, and the Settling Defendants shall otherwise assist in identifying those persons and entities who are to be excluded from the Settlement Class per the terms of this Stipulation.

26. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Settlement Administrator to mail the Notice, in substantially the form as is appended as Exhibit B1 or B2 hereto, as the Court shall order, and the Proof of Claim form, in substantially the form as is appended as Exhibit D hereto, as the Court shall order, to those members of the Settlement Class as may be identified through reasonable effort.

27. The Settlement Administrator shall, among other duties and obligations, receive Proofs of Claim and determine whether they present valid clams in whole or part, work with Settlement Class Members as needed to help them supplement or clarify their Proofs of Claim, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation, or in such other plan of allocation as the Court approves).

28. Any Settlement Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms in this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Settlement Class Claims.

29. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions (subject to Court order) shall apply.

30. Each Settlement Class Member shall be required to submit a valid Proof of Claim, supported by such documents as are designated therein, including proof of the transactions

claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable.

31. All Proofs of Claim must be submitted by the date specified in the Notice. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement and this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons with respect to any of the Settlement Class Claims. Provided that it is received before the motion for the Settlement Fund Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class mail and addressed in accordance with the instructions provided in the Notice. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

32. Each Proof of Claim shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claimant is an Authorized Claimant.

33. The administrative determinations of the Settlement Administrator accepting or rejecting claims shall be presented to the Court on notice to the Settling Parties, for approval by the Court in the Settlement Fund Distribution Order.

34. The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

35. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount

of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

36. Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in the distribution from the Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Settlement Class Claims.

37. All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court.

**DISTRIBUTION OF THE SETTLEMENT**

38. The Settlement Administrator shall determine and allocate to each Authorized Claimant that Authorized Claimant's proportionate share of the Settlement Fund based on each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants. The Settling Defendants and the Released Persons shall have no involvement in reviewing, challenging, or approving the Proofs of Claim or in distributing the Net Settlement Fund.

39. After the Effective Date, Lead Counsel shall apply to the Court for the Settlement Fund Distribution Order.

40. The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after:

(a) All claims have been processed;

(b) All matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and such resolution by the Court is Final; and

(c) All costs of administration of the Settlement have been paid.

41. The Settlement Administrator will use its best efforts to administer and distribute the entirety of the Net Settlement Fund to the extent that it is equitably and economically feasible. If there is any balance remaining in the Net Settlement Fund after the initial distribution of the Net Settlement Fund, such remaining balance shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation. Under no circumstances shall the Settling Defendants have any interest whatsoever in such remaining balance.

## TAXES

42. After the Judgment becomes Final, all costs and Taxes shall be paid out of the Escrow Account, and neither the Settling Defendants nor any of the Released Persons, nor their counsel, shall have any supervisory authority or responsibility with respect to such payments. Any remaining reasonable and necessary costs of administration, costs of notice to the Settlement Class, and Taxes shall be paid out of the Settlement Administration and Escrow Accounts without further order of the Court. Under no circumstances shall Plaintiffs or any Settlement Class Member or Lead Counsel have any responsibility for such costs or Taxes.

43. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the terms herein, and without prior Order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Further, Taxes and all related expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld

under Treas. Reg. § 1.468B-2(1)(2)); neither the Settling Defendants nor their counsel nor any other Released Person is responsible therefor, nor shall they have any liability whatsoever with respect thereto, nor shall they be liable for any reporting requirements that may relate thereto.

44. In all events, neither the Settling Defendants nor their counsel, nor any other Released Person, shall have any responsibility for or liability whatsoever with respect to the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund. The Settlement Fund shall indemnify and hold all Released Persons harmless for any Taxes and related expenses on the Settlement Fund after deposit into the Settlement Fund Account of any kind whatsoever (including, without limitation, taxes payable by reason of any such indemnification). Defendants shall notify the Escrow Agent promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

## ATTORNEYS' FEES AND EXPENSES

45. At the same time as the Settling Parties ask the Court for entry of the Judgment per ¶52 below, Lead Counsel will apply to the Court for an award of attorneys' fees, as well as reimbursement of expenses, in amounts to be determined by Lead Counsel as described in the Notice attached as Exhibit B1 hereto or via the information accessible via the Notice attached as Exhibit B2 hereto and will request that the Court enter an order substantially in the form attached hereto as Exhibit F.

46. Upon Court approval of an award of attorneys' fees and expenses, such award (the "Fee and Expense Award") shall be paid to Lead Counsel solely from the Settlement Fund. Such award shall be paid ten (10) business days after entry of (a) the Court's order granting the Fee and Expense Award and (b) the Judgment.

47. If the Effective Date does not occur or if this Stipulation is terminated, then any Fee and Expense Award is no longer payable. In the event that any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within ten (10) business days from the event which precludes the Effective Date from occurring or the

termination of this Stipulation, refund to the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

48. If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall within ten (10) business days from the date of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Escrow Agent to the Settlement Class in the manner directed in the Final order.

49. The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Consideration is not a necessary term of the Settlement or this Stipulation, and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.

## TERMS OF ORDER FOR NOTICE AND HEARING

50. After this Stipulation has been fully executed, on the schedule previously set by the Court, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order by submitting the fully executed Stipulation together with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, and approve the mailing and publication of the Notice and Publication Notice, substantially in the form of Exhibits A, B1 or B2, and C annexed hereto.

51. Any Settlement Class Member who fails to comply with any of the provisions of ¶¶28-32 of this Stipulation shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing and/or to object to the Settlement or to this Stipulation, and shall be bound by all the terms of the Settlement and this Stipulation, and by all proceedings, orders, and judgments in the Action.

**TERMS OF ORDER AND JUDGMENT**

52. If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Judgment.

**EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION**

53. The Effective Date of Settlement shall be the date when all of the following shall have occurred:

(a) This Stipulation, and such other documents as may be required to obtain final Court approval of this Stipulation in a form satisfactory to the Settling Parties, have been duly executed;

(b) The Court has entered the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A;

(c) The Court has approved the Settlement substantially as described herein, following the period set forth for notice under CAFA, and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

(d) The Court has entered the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate the Settlement, the date that such alternative judgment becomes Final;

(e) The Settling Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the side agreement described in ¶57 below); and

(f) Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation.

54. Upon the occurrence of all of the events referenced in ¶53 herein, any and all remaining interest or right of the Settling Defendants in or to the Settlement Fund shall be absolutely and forever extinguished. Without limiting the foregoing, each Settling Defendant shall have, in his or its sole and absolute discretion, the option to terminate the Settlement in its

entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against him or it.

55. Each of the Settling Parties shall have the right to terminate his or its participation in the Settlement by providing written notice of its election to do so ("Termination Notice") to counsel for the other Settling Parties hereto within thirty (30) days of any of the following:

(a) The Court enters an order expressly declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend;

(b) The Court refuses to approve this Stipulation in any material respect without reasonable leave to amend;

(c) The Court declines to enter the Judgment in any material respect; provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any compensatory award to Plaintiffs, and any change in the Judgment relating to these items shall not be considered a material change; or

(d) The Judgment does not become Final.

56. In the event of a termination (whether under ¶55 or ¶57), this Stipulation and releases provided for therein shall become null and void and of no further force and effect (except for ¶¶ 4, 18, 20, 47, 56, 57, 58, 59, 60, 63, 71, 74, 75, 80, 82, 83, and 84, which shall survive the termination), and the Settling Parties shall be deemed to have reverted to their respective positions as they existed prior to the execution of the MOU, the execution of this Stipulation, and the entry of any orders pursuant to this Stipulation. The Parties shall thereafter proceed in all respects as if this Stipulation and any related orders had not been entered and shall work together to arrive at a mutually agreeable schedule for resuming litigation of the Action in light of such developments, with such schedule providing for twenty-one (21) days thereafter for Plaintiffs to file a further amended complaint.

**OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY**

57. The Settling Parties, by and through their respective counsel, are simultaneously executing a side agreement, which sets forth certain conditions under which this Stipulation may be withdrawn or terminated at the sole discretion of the Settling Defendants and which shall not be filed with the Court, except that it may be brought to the attention of the Court, *in camera*, in the event of a dispute between the Settling Parties or if so requested or as otherwise ordered by the Court. If the Court requires that the side agreement be filed, the Settling Parties shall jointly petition the Court to file it under seal and/or to redact the threshold set forth in its "blow provision" for the termination contemplated by this paragraph, with such protections deemed to be important by the Settling Parties, among other reasons, so as to not encourage or induce actions in opposition to the Settlement by serial objectors or their counsel.

58. The Settling Parties will otherwise keep confidential the terms of the side agreement.

**LIMITATIONS ON USE OF THIS STIPULATION**

59. This Settlement compromises claims that are contested and, as such, shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Plaintiffs acknowledge that the Settling Defendants have denied and continue to deny each and all claims of alleged wrongdoing, while the Settling Defendants acknowledge that Plaintiffs continue to maintain the validity of their lawsuit and the merits of their claims.

60. This Stipulation, whether or not consummated and whether or not the Settlement is approved by the Court, and all negotiations, discussions, drafts and proceedings made or taken pursuant to or in connection with the Settlement are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) Against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Action, or the validity of any claim that has been or could have been asserted against any of the Settling Defendants in the Action, or

the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants;

(b) Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action;

(c) Against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

(d) Against any of the Settling Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

(e) Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses

asserted by the Settling Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(f) As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

**MISCELLANEOUS PROVISIONS**

61. All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

62. The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against the Settling Defendants and all Released Persons concerning the Settlement Class Claims and against the Plaintiffs and Settlement Class Members by the Settling Defendants concerning the Defendant Claims. Accordingly, Settling Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Settling Defendants in bad faith or without a reasonable basis. The Settling Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the prosecution, defense, or settlement of this Action. Moreover, none of the Settling Parties shall seek any cost-shifting claims against the others. The Settling Parties agree that the Settlement Consideration and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, including during numerous negotiating sessions, as described herein above, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

63. This Stipulation may not be modified or amended except by a writing signed by all signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have

waived any provision (including this provision) except by a writing signed by that Settling Party or its successor-in-interest.

64. Neither the Settlement Class Members nor the Settling Defendants shall be bound by this Stipulation if the Court modifies material terms hereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members, or the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate this Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate this Stipulation if the Court denies, in whole or in part, Lead Counsel's application for attorneys' fees and expenses.

65. Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which Lead Counsel deems appropriate.

66. Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

67. Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants and represents that such Person has the full authority to do so and that he, she, or it has the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

68. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

69. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, among other things, entering orders providing for the implementation and enforcement of the terms of this Stipulation, including, without limitation, the releases provided for herein, and any awards of attorneys' fees and expenses to Lead Counsel, and enforcing the terms of this Stipulation.

70. The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by the waiving Settling Party of any other prior or subsequent breach of this Stipulation or a waiver by any other Settling Party of any breach of this Stipulation. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation, unless such extensions conflict with an Order of the Court, in which case the Settling Parties shall move the Court to amend any such Order.

71. Other than the side agreement discussed in ¶57, this Stipulation and its Exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation and its Exhibits other than those contained and memorialized in such documents.

72. This Stipulation may be executed in one or more counterparts, and the counterparts when executed may be made into a composite which shall constitute one integrated original agreement.

73. This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties hereto and their successors, heirs, and assigns, including any corporation or other entity into or with which any Settling Party or Released Person merges, consolidates, or reorganizes.

74. Any dispute regarding the interpretation or terms of this Stipulation shall be submitted to a third party selected by agreement of the Settling Parties, who shall promptly mediate the resolution of such dispute. If such mediation fails to produce an agreed resolution,

or if the Settling Parties cannot agree upon a mediator, the dispute shall be submitted to the Court.

75. This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that this Stipulation, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

76. The Settling Parties warrant that, in entering into this Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents. It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts and law now known to each Settling Party or believed by such party to be true; each Settling Party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

77. Lead Counsel and the Settling Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, this Stipulation and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

78. Pending preliminary and final approval of the Court of the Settlement, as set forth in this Stipulation and its attached Exhibits, all proceedings in the Action shall be stayed.

79. No part of the Settlement Consideration shall be allocated to the settlement of any other action arising from the facts and circumstances at issue in the Action.

80. No Person shall have any claim against Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Settling Defendants or the Released Persons, based on any distributions, determinations, claim rejections, or the design, terms, or implementation of the Plan of Allocation.

81. All dollar amounts in this Stipulation are in U.S. dollars.

82. The construction, interpretation, operation, effect, and validity of this Stipulation and any ancillary documents necessary to effectuate it shall be governed by, construed, and enforced in accordance with the internal, substantive laws of the State of California without giving effect to that State's choice-of-law or conflicts-of-laws principles, except to the extent that federal law requires that federal law governs. Subject to the provisions of ¶74, any dispute relating to this Stipulation shall be brought exclusively in the United States District Court for the Northern District of California, and each of the Settling Parties agrees not to contest subject matter jurisdiction or personal jurisdiction, or assert that such forum is inconvenient for any such dispute brought in this Court.

83. Whether or not this Stipulation is approved by the Court and whether or not this Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with this Stipulation confidential.

84. All agreements made and Court Orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

85. No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or

their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

86. If any Settling Party is required to give notice to any other Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, email, or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Counsel: | Matthew L. Tuccillo<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Tel: (212)-661-1100<br>Fax: (917)-463-1044<br>mltuccillo@pomlaw.com |
| If to Counsel for Settling Defendants: | Jordan Eth (SBN 121617)<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br>jeth@mofo.com |

Dated: March 27, 2017

**POMERANTZ LLP**

By: [signature]
Matthew L. Tuccillo

Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, California 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

Jeremy A. Lieberman
Matthew L. Tuccillo
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
mltuccillo@pomlaw.com

*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

Dated: March 27, 2017

**MORRISON & FOERSTER LLP**

By: [signature]
Jordan Eth (SBN 121617)

Anna Erickson White (SBN 161385)
Ryan M. Keats (SBN 296463)
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: jeth@mofo.com
awhite@mofo.com
rkeats@mofo.com

*Attorneys for Defendants Hortonworks, Inc., Robert G. Bearden, and Scott J. Davidson*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>The Hon. Susan Illston |

WHEREAS,

(A) This securities class action was filed by Plaintiff William Monachelli ("Monachelli") on February 29, 2016. The initial complaint (Dkt. No. 1) named Defendants Hortonworks, Inc. ("Hortonworks"), Robert G. Bearden ("Bearden") and Scott J. Davidson ("Davidson"). It asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.

(B) On April 29, 2016, two movants, including Randall A. Arvidson ("Arvidson" or "Lead Plaintiff"), filed motions and supporting papers seeking appointment by the Court to serve as lead plaintiff under the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4.

(C) On June 1, 2016, the Court entered an Order appointing Arvidson to serve as Lead Plaintiff and appointing his choice of counsel, Pomerantz LLP (also counsel for Plaintiff Monachelli), to serve as Lead Counsel.

(D) On July 28, 2016, Plaintiffs Arvidson and Monachelli (together, "Plaintiffs") filed their First Amended Complaint for Violation of the Federal Securities Laws (Dkt. No. 42). This

Amended Complaint, which included allegations by certain confidential witnesses, also asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that Defendants made material misstatements and omissions between August 5, 2015, and January 15, 2016, concerning Hortonworks' business operations and prospects.

(E) On September 12, 2016, Defendants filed a motion to dismiss the claims of the Amended Complaint, supported by a memorandum of law, declaration, and various materials for which they sought judicial notice (Dkt. Nos. 43-45). Plaintiffs opposed the motion to dismiss and request for judicial notice (Dkt. Nos. 46-47). Defendants filed their reply, along with an additional declaration and supplemental request for judicial notice on November 17, 2016 (Dkt. Nos. 48-51).

(F) By Order dated December 5, 2016 (Dkt. No. 52), the Court granted Defendants' motion to dismiss, without prejudice. Its Order gave Plaintiffs until January 6, 2017 to file a further amended complaint.

(G) Lead Counsel and counsel for Defendants Hortonworks, Bearden, and Davidson (the "Settling Defendants") thereafter engaged in extensive settlement negotiations, while Plaintiffs continued to investigate a potential further amended complaint, including through work done by their private investigator. Thereafter, Lead Counsel and counsel for Settling Defendants negotiated a Memorandum of Understanding, executed on January 5, 2017.

(H) Per a Stipulated Schedule between Plaintiffs and Settling Defendants, which they filed on January 5, 2017 (Dkt. No. 53) and which the Court so ordered on January 9, 2017 (Dkt. No. 54), the deadline for Lead Plaintiff to file a further amended complaint has been stayed pending the settlement approval process outcome.

(I) Plaintiffs, on their own behalf and on behalf of a proposed Settlement Class, and the Settling Defendants entered into a Stipulation of Settlement on March 27, 2017 (the

"Stipulation") setting forth the terms of their proposed settlement (the "Settlement").

(J) Plaintiffs have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an order approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Action as to the Settling Defendants.

(K) The Court having reviewed and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof; the terms and conditions of the proposed Settlement as set forth in the Stipulation, a copy of which has been submitted with the Motion; and all other prior proceedings in this Action, and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

**Conditional Certification of the Class**

4. For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All Persons who purchased or otherwise acquired Hortonworks securities during the period of August 5, 2015 through January 15, 2016 (both dates inclusive). Excluded from the Settlement Class are the Settling Defendants and their immediate family members; any officer or director of Hortonworks during the Class Period; any entity in which any Settling Defendant has, or had during the Class Period, a controlling interest; and the heirs, successors-in-interest, or assigns of any excluded person.

5. The Court preliminarily finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied, and certifies a class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Based on the finding that Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court conditionally appoints Plaintiffs as the class representatives for the Settlement Class. The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and conditionally appoints Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). These conditional appointments are solely for purposes of effectuating the Settlement.

7. If the Stipulation is terminated or is not consummated for any reason, the

foregoing conditional certification of the Class and appointment of the Class Plaintiffs and class counsel shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order and before execution of the MOU and the Stipulation without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action, and with Plaintiffs having twenty-one (21) days thereafter to further amend their complaint.

8. The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9. The Court approves the appointment of Strategic Claims Services as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims.

**Stay Order**

10. The Court orders the stay of any pending litigation and enjoins Plaintiffs, all other Settlement Class Members, and anyone who acts or purports to act on their behalf, from commencing or prosecuting, in any court, arbitration, or other tribunal, any action which asserts any Settlement Class Claims against any of the Released Persons.

**Form and Timing of Notice**

11. The Court hereby approves, as to form and content, the proposed Notice, substantially in the form of Exhibit ________ [B1 or B2] to the Stipulation, and directs that as soon as practicable after entry of this Order, but no later than twenty-one (21) days after entry of this Order granting preliminary approval, the Settlement Administrator shall provide the Notice to each known Settlement Class Member via U.S. mail, postage pre-paid. Per the terms of the Stipulation, Hortonworks shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent

and shall also assist in identifying persons to be excluded from the Settlement Class. At least ten (10) days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof of mailing of the Notice.

12. Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Hortonworks common stock for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Hortonworks common stock purchased or otherwise acquired during the Settlement Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator. The Settlement Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

13. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

14. The Court hereby approves, as to form and content, the proposed form Summary Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one days after entry of this Order granting preliminary approval Lead Counsel shall cause such Summary Notice to be published on a national business Internet newswire. At least ten (10) days prior to the Settlement Hearing, Lead counsel shall file with the Court proof of publication of the Summary Notice.

15. The Court approves the proposed Proof of Claim substantially in the form of Exhibit D to the Stipulation.

16. This Court preliminarily finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, contemplated by the Stipulation

and this Order:

(a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; (v) their right to submit a claim as part of the settlement; and (vi) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c) Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

**Participation and Opt Out**

17. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than ____________, 2017. Any Class Member who does not submit a Proof of Claim and

Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the Settlement and all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18. Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

19. Upon receiving any request(s) for exclusion, Lead Counsel or the Claims Administrator shall promptly provide copies of such request(s) to Settling Defendants' counsel via facsimile or electronic mail within five (5) business days, and in any event not less than fourteen (14) days prior to the Settlement Hearing.

**Settlement Hearing; Right to Appear and Object**

20. The Settlement Hearing shall take place before the undersigned, United States District Judge Susan Illston, in Courtroom 1, 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on __________, 2017, at _______:00 a.m./p.m., to determine:

(a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b) Whether a Judgment as provided in the Stipulation should be entered herein;

(c) Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(d) Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

(e) Whether the application for a compensatory award to be submitted by Plaintiffs should be approved; and

(f) Such other matters as the Court may deem necessary or appropriate.

21. The Plan of Allocation, Lead Counsel's application for an award of attorneys' fees, and Plaintiffs' compensatory award will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal relating solely to the Plan of Allocation, solely to Lead Counsel's application for an award of attorneys' fees and expenses, or solely to Plaintiffs' application for a compensatory award shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

22. The Court may finally approve the Stipulation at or after the Settlement Hearing

with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

23. Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty one (21) days before the Settlement Hearing, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded Hortonworks common stock purchased and sold during the Class Period on the NASDAQ, or by other means involving transactions in the United States, and the prices and dates of such transactions. Settlement Class Members wishing to appear in person at the Settlement Hearing must submit a Notice of Intention to Appear with the objection. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel must submit a Notice of Intention to Appear with the objection. Objection materials must be sent to the following:

<u>*for* Lead Counsel</u>:
Matthew L. Tuccillo
Pomerantz LLP
600 Third Avenue
New York, NY 10016

<u>*for* Defendants' Counsel</u>:
Jordan Eth
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

<u>Court</u>:

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

24. Lead Counsel shall file all papers, including memoranda or briefs in support of the Settlement, the Plan of Allocation, an award of attorneys' fees and reimbursement of expenses, and Plaintiffs' compensatory award no later than twenty-eight (28) calendar days prior to the Settlement Hearing. Reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

25. Lead Counsel shall file any response to objections (if any are received) by no later than fourteen (14) days prior to the Settlement Hearing.

26. The Court reserves the right to adjourn or continue the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind. The Court may approve the Settlement with modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class.

27. If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

**Other Provisions**

28. Upon payment of the Settlement Consideration to the Escrow Account by the Settling Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and

shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

29. Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Hortonworks' shareholder transfer records and to assist in identifying persons to be excluded from the Settlement Class, both in accordance with the terms of the Stipulation, in no event shall the Settling Defendants or any of the Released Persons have any responsibility for the administration of the Settlement, and neither the Settling Defendants nor any of the Released Persons shall have any obligation or liability to the Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

30. No Person shall have any claim against Plaintiffs, Lead Counsel, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Persons, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

31. The Settling Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action and have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not,

and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) Against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Action, or the validity of any claim that has been or could have been asserted against any of the Settling Defendants in the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants;

(b) Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action;

(c) Against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases

granted them hereunder;

(d) Against any of the Settling Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

(e) Against the Plaintiffs or any Settlement Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(f) As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

32. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

**SO ORDERED** in the Northern District of California on ______________, 2017.

______________________________
THE HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

# EXHIBIT B1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING** |

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SHARES OF HORTONWORKS, INC. ("HORTONWORKS") COMMON STOCK BETWEEN AUGUST 5, 2015, AND JANUARY 15, 2016, DATES INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

Your legal rights are affected whether you act, or do not act. Read this Notice carefully.

**SUMMARY OF KEY PROVISIONS AND REASONS FOR SETTLEMENT**

- The Settlement will provide one million one hundred thousand dollars ($1,100,000.00) (the "Settlement Fund"). If approved by the Court, the Settlement will settle certain claims, as against the Settling Defendants, from investors who bought or otherwise acquired Hortonworks shares between August 5, 2015, and January 15, 2016, inclusive (the "Settlement Class Period").
- The Settlement resolves a securities fraud class action lawsuit (the "Action") over allegations that Hortonworks and certain of its officers and directors misled its shareholders during the Settlement Class Period about Hortonworks' operations and business prospects.
- The Settling Defendants are Hortonworks, Robert G. Bearden ("Bearden") (its Chairman and Chief Executive Officer), and Scott J. Davidson ("Davidson") (its Chief Financial Officer).
- The Court did not ultimately resolve the Action in favor of the Plaintiffs or the Settling Defendants. Instead, both sides agreed to a Settlement. This permits these settling parties to avoid the cost, delay, and uncertainty of continued litigation and a trial, and permits eligible Settlement Class Members who submit valid claims to receive some

compensation rather than risk ultimately receiving nothing. Both the Plaintiffs and the Settling Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. The Plaintiffs and their attorneys believe the Settlement is best for all Settlement Class Members. The Settling Defendants, while denying the allegations and maintaining they did nothing wrong, have concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled as per the parties' Stipulation of Settlement ("Stipulation"). The two sides disagree on whether, even if liability could be proven, total damages would be more than $0 per damaged share, or if more, how much more.

- Lead Counsel for the Class will ask the Court for no more than 28% of the Settlement Fund in attorneys' fees, and reimbursement of up to fifty thousand dollars ($50,000.00) for litigation costs. Lead Counsel will also ask the Court to pay Lead Plaintiff Randall A. Arvidson, and initial Plaintiff William Monachelli (altogether "Plaintiffs") up to seven hundred fifty dollars ($750.00) each for their contributions to this lawsuit.
- The Court in charge of this case still has to decide whether to approve the Settlement. The Court has set a Settlement Hearing for _____, 2017 at ___:___ a.m./p.m. to consider whether to approve the Settlement. Payments will be made if the Court approves the Settlement, orders distribution of such monies, and all appeals are resolved. Please be patient.
- If the proposed Settlement is approved after the Settlement Hearing, the Court will enter a Judgment and Order of Final Approval (the "Judgment"). The Judgment will dismiss with prejudice, release, and forever discharge both the Settlement Class Claims against the Settling Defendants and the Released Persons, and the Defendant Claims against the Plaintiffs, Lead Counsel, and any Settlement Class Members. The terms of the releases, including the meaning of defined terms like "Settlement Class Claims" and "Defendant Claims" are set forth in the Proof of Claim and Release form that is enclosed.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | | |
|---|---|---|
| ACTION | DEADLINE | SIGNIFICANCE |
| SUBMIT A CLAIM FORM | _________, 2017 [60+ days away] | The only way to get a payment. |
| EXCLUDE YOURSELF | _________, 2017 [2 weeks pre-claim] | Get no Payment. This is the only option that allows you to ever be part of any other lawsuit against Hortonworks, Bearden, Davidson and other Released Persons about the legal claims being released as part of the Settlment in this case. |
| OBJECT | _________, 2017 [2 weeks pre-claim] | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING | _________, 2017 [5 days post-claim] | Ask to speak in Court about the fairness of the Settlement. |

| | |
|---|---|
| DO NOTHING | You will get no payment and give up your rights to sue the Released Persons about the claims that are being released as a part of this Settlement. You will be bound by any Judgment entered by the Court. |

- You may submit a claim or object, or do both, or do nothing.
- The only way to be eligible to receive a payment is to submit a claim.
- You may also exclude yourself. However, if you timely exclude yourself that is the **only** thing you can do: you cannot then also object in writing, appear at the Settlement Hearing to state any objections, or submit a claim.
- If you object rather than request exclusion, you will remain a Settlement Class Member, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Settlement Class Members who do not object.
- Unless you timely request exclusion from the Settlement Class, or unless the Court rejects the proposed Settlement, you are bound by the Stipulation, whether or not you submit a claim or object.
- These rights and options are explained in this Notice. ***Please take careful note of the deadlines to exercise them, set forth above.***

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

1. Why did I receive this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

WHO IS IN THE SETTLEMENT

5. How do I know if I am part of the settlement?
6. Where are the exceptions to being included?
7. I am still not sure if I am included.

THE SETTLEMENT BENEFITS – WHAT YOU GET

8. What does the settlement provide?
9. How much will my payment be?

HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

10. How can I obtain a payment?

11. When will I receive my payment?
12. What am I giving up to receive a payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT

13. How do I get out of the Settlement Class?
14. If I do not exclude myself, can I sue the Settling Defendants or the Released Persons for the same thing later?
15. If I exclude myself, can I receive money from the Net Settlement Fund?

THE LAWYERS REPRESENTING YOU

16. Do I have a lawyer in the case?
17. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT

18. How do I tell the Court that I do not like the Settlement?

THE COURT'S SETTLEMENT HEARING

19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

IF YOU DO NOTHING

22. What happens if I do nothing at all?

GETTING MORE INFORMATION

23. Are there more details about the Settlement?

UNDERSTANDING YOUR PAYMENT

## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired Hortonworks, Inc. ("Hortonworks") common stock between August 5, 2015, and January 15, 2016, inclusive.

The Court caused this Notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, U.S. District Judge Susan Illston presiding, and the case is *Monachelli v. Hortonwork, Inc.*, Case No. 3:16-cv-00980-SI. Randall A. Arvidson is called the Lead Plaintiff, and he along with original Plaintiff William Monachelli oversaw the litigation to this point. The Settling Defendants are Hortonworks, its Chairman and Chief Executive Officer, Robert G. Bearden, and its Chief Financial Officer, Scott J. Davidson. The Lead Plaintiff, Plaintiff Monachelli, and the Settling Defendants are referred to together as the "Settling Parties."

**2. What Is This Lawsuit About?**

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a))) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against the Settling Defendants.

Hortonworks is a publicly-traded company that provides and distributes enterprise-scale data management systems. During the Settlement Class Period, Hortonworks traded on the NASDAQ under the ticker symbol "HDP." Hortonworks went public in December 2014.

In this Action, Plaintiffs allege that Defendants unlawfully inflated Hortonworks' stock price by misleading investors about Hortonworks' business prospects and operations, including by misleading investors about Hortonworks' liquidity, and its intent to raise capital. Plaintiffs allege that the misleading nature of Defendants' statements remained hidden until January 15, 2016, when Hortonworks announced plans to conduct a follow-on public offering of up to $100 million. Hortonworks's stock fell the next trading day. Plaintiffs allege that the Defendants' conduct at issue had inflated Hortonworks's stock price and that, when the truth was revealed, investors suffered injury.

Defendants deny all of these allegations, deny that they made any false or misleading statements, and deny that they engaged in any wrongdoing. On December 5, 2016, the Court granted Defendants' motion to dismiss Plaintiffs' First Amended Complaint. Its Order gave Plaintiffs until January 6, 2017 to file a further amended complaint.

Lead Counsel and counsel for the Settling Defendants thereafter engaged in extensive settlement negotiations, while Plaintiffs continued to investigate a potential further amended complaint, including through work done by their private investigator. Thereafter, on January 5, 2017, Lead Counsel and counsel for Settling Defendants reached an agreement to settle the case.

**3. Why Is This A Class Action?**

Class actions are generally used when a lawsuit affects a large number of individuals. The class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct in the same time period, thus removing the need for members of the class to file their own individual lawsuits to separately seek to recover for the harm alleged.

Once the class is certified, the Court is empowered to resolve all issues on behalf of all members of the class, except for those members of the class, if any, who specifically choose to exclude themselves from the class.

As part of the preliminary approval process, Plaintiffs will ask the Court to certify a class for settlement purposes only. The proposed Settlement Class will consist of all persons or entities that purchased or otherwise acquired Hortonworks securities between August 5, 2015 and January 15, 2016 (both dates inclusive).

Excluded from the Settlement Class are the Settling Defendants and their immediate family members; any officer or director of Hortonworks during the Class Period; any entity in which any Settling Defendant has, or had during the Class Period, a controlling interest; and the heirs, successors-in-interest, or assigns of any excluded person.

**4. Why Is There a Settlement?**

The Court has not finally decided in favor of Plaintiffs or the Settling Defendants. Rather, Plaintiffs and the Settling Defendants have chosen to enter into the Settlement.

Plaintiffs and Lead Counsel believe that the Settlement is in the Settlement Class Members' best interest and provides the Settlement Class Members with a substantial benefit now, in lieu of engaging in years of further litigation against the Settling Defendants – including a second motion to dismiss and, potentially, a motion for class certification, motion(s) for summary judgment, trial, and appeals– all with the possibility of no recovery at all. The Court dismissed Plaintiffs' first amended complaint, but gave them permission to further amend and to try again, which they were prepared to do. However, by settling the Action with the Settling Defendants at this point, Plaintiffs are not admitting that the Action lacked merit or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Consideration. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Plaintiffs or the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

The Settling Defendants deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, by Plaintiffs. Nonetheless, the Settling Defendants have concluded that further conduct of the Action could be protracted and expensive, and that it is desirable that the Action be fully and finally settled per the terms of the Stipulation in order to limit further expense, to avoid the burden of protracted litigation, and to permit the operation of Hortonworks's business without the Action causing distraction and diversion of executive personnel. The Settling Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action, including risks posed by Plaintiffs further amending their complaint in conformance with the prior rulings of the Court. The Settling Defendants have, therefore, determined that it is desirable and beneficial that the Action be settled, as regards claims against them, in the manner and upon the terms and conditions set forth in the Stipulation. The Settling Defendants entered

into the Stipulation without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind, nor have they admitted that the Action has merit or that Settlement Class Members ultimately would have recovered any damages. There has been no adverse determination by any court against the Settling Defendants or anyone else on the merits of the claims asserted in the Action. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on their part nor shall they be offered as evidence in the Action or in any pending or future civil, criminal, or administrative action against the Settling Defendants, except as expressly set forth in the Stipulation.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. A trial is a risky proposition. The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony. The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed on each claim alleged against the Settling Defendants. Among their many other disagreements are: (1) whether the Settling Defendants violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by the Plaintiffs were material, false, misleading or otherwise actionable; (3) the extent (if any) that the alleged misrepresentations and omissions influenced Hortonworks's common stock price during the Settlement Class Period; and (4) the method for determining whether, and the extent to which, purchasers of Hortonworks stock suffered injury and damages that could be recovered at trial.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a possible Settlement Class Member.

### 5. How Do I Know if I Am Part of the Settlement?

The potential Settlement Class includes all persons or entities that purchased or otherwise acquired Hortonworks securities between August 5, 2015, and January 15, 2016, (both dates inclusive).

### 6. What Are the Exceptions to Being Included?

You are not a member of the Settlement Class if you did not purchase Hortonworks securities on or between the dates listed above. If you purchased Hortonworks stock some other time, or did not purchase it at all, you are not included within the Settlement Class.

You are also not a member of the Settlement Class if you are one of the list of persons and entities that are specifically excluded from it, per paragraph 3 above.

**7. I am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Settlement Administrator at Strategic Claims Services, 600 North Jackson Street, Suite 3, Media, PA 19063, Tel: 866-274-4004, for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**8. What Does the Settlement Provide?**

The Settlement will result in a gross fund of one million one hundred thousand dollars ($1,100,000.00) in cash. The balance of this fund, after payment of Court-approved attorneys' fees and expenses, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice, and any compensatory award granted to the Plaintiffs (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid claim forms according to the Plan of Allocation set forth herein.

**9. How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in, the number of shares of Hortonworks common stock you purchased during the Settlement Class Period, and the timing of your purchases and sales. You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than ten dollars ($10.00).

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. After all Settlement Class Members have sent in their Proof of Claim and Release forms, the payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons submitting valid Proof of Claim forms. The Recognized Claim is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is to be allocated among all persons submitting claims.

**HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM**

**10. How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a valid Proof of Claim and Release form by the deadline, and properly document your claim as requested in the Claim Form. A Proof of Claim and Release form is enclosed with this Notice. You may also download a Proof of Claim and Release form at www.strategicclaims.net/hortonworks. Read the instructions carefully, fill out the Proof of Claim and Release form, include the documents required by that form, sign it, and mail it in the enclosed envelope postmarked no later than __________, 2017. [same date as in "deadlines" above]

### 11. When Will I Receive My Payment?

The Court will hold a hearing on ___________, 2017, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be an appeal of such approval. It is always uncertain whether there will be an appeal and when any appeal will be resolved, and resolving an appeal can take time, perhaps more than a year. Even if no appeals are filed, it will take several months for the Settlement Administrator to process all of the Proof of Claim and Release forms and determine the ultimate distribution amounts. Please be patient.

### 12. What Am I Giving Up to Receive a Payment?

As a Settlement Class Member, you will be giving up certain rights that you currently have if the Court approves the Settlement. Unless you timely exclude yourself from the Settlement Class by the [______ days prior to the Settlement Hearing] __________, 2017 deadline, you are a Settlement Class Member and will be bound by the Release of claims against the Settling Defendants and the Released Persons. That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Persons about the Settlement Class Claims in this Action. It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Settling Defendants and the Released Persons. The terms of the Release are included in the Proof of Claim and Release form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Settling Defendants on your own for the Settlement Class Claims, then you must take steps to get out of the Settlement Class. This is called excluding yourself, or is sometimes referred to as "opting out" of the class.

### 13. How Do I Get Out of the Settlement Class?

You cannot exclude yourself on the phone or by e-mail. To exclude yourself from the Settlement Class, you must send a letter by mail stating that you, "request exclusion from the Settlement Class in *Monachelli v. Hortonworks, Inc.*, Case No. 3:16-cv-00980-SI." You must include your name, address, telephone number, your signature, and the number of shares of NASDAQ-listed Hortonworks common stock you purchased or acquired between August 5, 2015 and January 15, 2016, inclusive, the number of shares of Hortonworks common stock sold during this same time period, if any, the dates of such purchases and/or sales, and the price paid or received per share for each purchase or sale. You must mail your exclusion request postmarked no later than [______ days prior hearing] ___________, 2017 to:

*Monachelli v. Hortonworks, Inc.*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel: 866-274-4004

If you ask to be excluded, and your request is processed, you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action.

**14. If I Do Not Exclude Myself, Can I Sue the Settling Defendants or the Released Persons for the Same Thing Later?**

No. Unless you exclude yourself from the Settlement Class, you give up any right to sue the Settling Defendants or the Released Persons for the Settlement Class Claims in the Settlement in the future. If you have a pending lawsuit against the Settling Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is [_______ days prior to the Settlement Hearing] __________, 2017.

**15. If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?**

No. If you exclude yourself, do not send in a Proof of Claim and Release form, as you will be ineligible to receive any payment.

**THE LAWYERS REPRESENTING YOU**

**16. Do I Have a Lawyer in This Case?**

The Court appointed the law firm Pomerantz LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel. They can be reached by contacting Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100. You will not be personally liable for the fees and expenses incurred by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of no more than 28% of the Settlement Fund and for reimbursement of expenses up to $50,000.00 which were advanced in connection with the Action up to the point of the Settlement. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

Lead Counsel shall file a formal motion with the District Court for approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and the request for compensatory awards to the Plaintiffs of up to $750.00 per Plaintiff no later than twenty-eight (28) days prior to the Settlement Hearing.

Lead Counsel believes that the requested attorneys' fees are warranted in light of its efforts, on a wholly contingent basis, to investigate the underlying claims, to work with a private investigator and a damages analyst, to file initial and amended complaints, to negotiate and

achieve the Settlement, and to document the Settlement and seek its approval by the court overseeing this class action. Lead Counsel's motion will argue that the requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court determines what counsel should receive from the Settlement Fund for fees and expenses, and may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation or the request for attorneys' fees. You can state the reasons why you think the Court should not approve it, and the Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Monachelli v. Hortonworks, Inc.*, Case No. 3:16-cv-00980-SI. Be sure to include your name, address, telephone number, your signature, the number of shares of Hortonworks common stock purchased between August 5, 2015 and January 15, 2016, inclusive, the precise dates and prices of any such transactions, and the reasons you object. If you object to either the Settlement, requested attorneys' fees, or Plaintiffs' compensatory award, you subject yourself to the jurisdiction of the Court in this matter and Plaintiffs will have the right to take your deposition prior to the Settlement Hearing. If you refuse to have your deposition testimony taken upon Plaintiff's request, your objection will be deemed invalid. The motions in support of the Settlement and the request for attorneys' fees will be filed no later than [twenty-eight (28) days prior to the Settlement Hearing], _________, 2017, and they will be available from Lead Counsel, the Settlement Administrator or the Court. (The Settlement Administrator's contact information is listed in Section 23, below.) Any objection must be mailed or delivered such that it is received by ***each*** of the following no later than [twenty one (21) days prior to the Settlement Hearing], ____________, 2017:

*Court*:
Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

*Claims Administrator*:
Monachelli v. Hortonworks, Inc.
Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel: 866-274-4004

*Lead Counsel:*
Matthew L. Tuccillo, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016

*Counsel for Settling Defendants*:
Jordan Eth
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to do so.

### 19. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Settlement Hearing at _______:00 a.m./p.m. on _________, 2017, at the courthouse for the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider how much money from the Settlement Fund will be allocated to pay Lead Counsel for their work on the Action and to reimburse their expenses, and whether to grant a compensatory award to Plaintiffs, and whether the Plan of Allocation is fair, reasonable and adequate. The Court may decide these issues at the hearing or take them under consideration for a later decision.

### 20. Do I Have to Come to the Hearing?

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it, though you are welcome to do so. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I Speak at the Hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Monachelli v. Hortonworks, Inc.*, Case No. 3:16-cv-00980-SI. Be sure to include your name, address, telephone number, your signature, and the number of NASDAQ-listed shares of Hortonworks common stock you purchased between August 5, 2015 and January 15, 2016, inclusive, and the precise dates and prices of any such transactions. Your letter must also forth: (i) whether you are a Settlement Class Member; (ii) to which part of the Stipulation the Settlement you object; (iii) the specific

reason(s), if any, for such objection including any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of such objection. If you intend to have counsel appear on your behalf at the Settlement Hearing, your letter must state the identity of all attorneys who will appear at the Final Approval Hearing and your attorneys must sumbit a notice of their intent to appear. Your notice of intent to appear must be received no later than twenty one (21) days prior to the Settlement Hearing, ____________, 2017, by the Clerk of the Court, Lead Counsel and the Settling Defendants' Counsel, at the addresses listed in question 18.

## IF YOU DO NOTHING

### 22. What Happens if I Do Nothing at All?

If you do nothing, all of your claims against the Settling Defendants and the Released Persons will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

## GETTING MORE INFORMATION

### 23. Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can obtain a copy of the Stipulation or more information about the Settlement by downloading them at www.strategicclaims.net/hortonworks or by contacting the Claims Administrator:

*Monachelli v. Hortonworks, Inc.*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel: 866-274-4004

## UNDERSTANDING YOUR PAYMENT

The Net Settlement Fund shall be distributed to Class Members who submit acceptable Proofs of Claim and Release forms ("Authorized Claimants") in the following manner:

The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Authorized Claimants. The Recognized Loss formula is not an estimate of what an Authorized Claimant would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement.

An Authorized Claimant's actual share of the Net Settlement Fund will be determined by the ratio of the Authorized Claimant's Recognized Loss divided by the aggregate of the Recognized Loss of all Authorized Claimants.

The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible. If there is any balance remaining in the Net Settlement Fund after the initial distribution of the Net Settlement Fund, such remaining balance shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation.

<u>Plan of Allocation</u>

This Plan of Allocation is based on the following principles:

(1) If you purchased Hortonworks stock during the Settlement Class Period, between the dates of August 5, 2015 and November 3, 2015, inclusive; and held it as of close of markets on January 15, 2016; and sold it on January 19, 2016 (the next trading day), first calculate the difference between the price you paid for your stock and the price you received for it by selling it on January 19, 2016. That figure will be multiplied by 0.50 (or 50%), which is the Discount Factor being applied to purchasers during the earlier part of the Settlement Class Period to account for the greater difficulty in proving their claim. The result will be your Recognized Loss under the Plan of Allocation.

(2) If you purchased Hortonworks stock during the Settlement Class Period, between the dates of August 5, 2015 and November 3, 2015, inclusive; and held it as of close of markets on January 15, 2016; and still held it as of the close of markets on January 19, 2016 (the next trading day), first calculate the difference between the price you paid for your stock and the closing price on January 19, 2016. That figure will be multiplied by 0.50 (or 50%), which is the Discount Factor being applied to purchasers during the earlier part of the Settlement Class Period to account for the greater difficulty in proving their claim. The result will be your Recognized Loss under the Plan of Allocation.

(3) If you purchased Hortonworks stock during the Settlement Class Period, between the dates of November 4, 2015 and January 15, 2016, inclusive; and held it as of close of markets on January 15, 2016; and sold it on January 19, 2016 (the next trading day), first calculate the difference between the price you paid for your stock and the price you received for it by selling it on January 19, 2016. That figure will be your Recognized Loss under the Plan of Allocation.

(4) If you purchased Hortonworks stock during the Settlement Class Period, between the dates of November 4, 2015 and January 15, 2016, inclusive; and held it as of close of markets on January 15, 2016; and still held it as of the close of markets on January 19, 2016 (the next trading day), first calculate the difference between the price you paid for your stock and the closing price on January 19, 2016. That figure will be your Recognized Loss under the Plan of Allocation.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

1. The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares of common stock that participate in the Settlement, when those securities were purchased and sold, and the potential application of the Discount Factor as described in the Plan of Allocation above. The number of claimants who send in claims varies widely from case to case.

2. A purchase or sale of Hortonworks common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

3. If a Class Member acquired Hortonworks common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Hortonworks common stock was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero dollars ($0.00).

4. Notwithstanding any of the above, receipt of Hortonworks common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Hortonworks common stock.

5. The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against the common stock held as of the close of trading on August 4, 2015 (the last day before the Settlement Class Period begins) and then against the purchases during the Settlement Class Period.

6. The Recognized Loss with respect to a purchase or acquisition of Hortonworks common stock is calculated by multiplying the number of shares by the appropriate Recognized Loss per share, as described above.

7. No Authorized Claimant whose proportionate share of cash distributions from the Net Settlement Fund is less than $10.00 shall receive a distribution from the Settlement Fund.

8. Settlement Class Members who do not submit a timely request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims, will not share in the recovery, but nevertheless will be bound by the Settlement and the Judgment of the Court dismissing this Action.

9. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

## SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any Hortonworks common stock purchased or acquired between August 5, 2015, and January 15, 2016, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Settlement Administrator:

*Monachelli v. Hortonworks, Inc.*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel: 866-274-4004

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Settlement Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Settlement Administrator.

DATED:____________________, 2017

______________________________
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT B2

***A federal court has authorized this notice. This is not a solicitation from a lawyer.***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING** |

## NOTICE OF PENDENCY OF PROPOSED CLASS ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU PURCHASED OR OTHERWISE ACQUIRED HORTONWORKS, INC. ("HORTONWORKS") STOCK BETWEEN AUGUST 5, 2015 AND JANUARY 15, 2016, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THIS CASE.**

**YOU ARE HEREBY NOTIFIED** that a proposed settlement (the "Settlement") has been reached in this action (the "Class Action"). A hearing will be held on __________, 2017, at ______:00 a.m./p.m., before the Honorable Susan Illston, United States District Judge, at the courthouse for the United States District Court, Northern District of California, Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

The purpose of the hearing will be to determine, among other things: (1) whether the proposed Settlement of the Class claims against the Settling Defendants Hortonworks, Inc. ("Hortonworks"), Robert G. Bearden, and Scott J. Davidson for total gross settlement consideration of one million one hundred thousand dollars ($1,100,000.00) (the "Settlement Fund") should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable, and should be approved; (3) whether Plaintiffs' application for reimbursement of costs and expenses, Plaintiffs' request for compensatory awards, and Lead Counsel's application for an award of attorneys' fees, all to be paid from the Settlement Fund, should be granted; and (4) whether the Action should be dismissed with prejudice against the Settling Defendants as set forth in the Stipulation of Settlement (the "Stipulation") filed with the Court.

## Why Am I Receiving this Notice?

This Notice is issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"), entered ___________,

2017. The Court has certified a class of investors for settlement purposes only (the "Settlement Class"). You are receiving this Notice because you may be a member of the certified class (a "Settlement Class Member"). If you are a Settlement Class Member, your rights will be affected by this lawsuit. The purpose of this Notice is to inform you of: (a) the existence of this Class Action; (b) the certification of the Settlement Class; and (c) your right to object to or be excluded from the Settlement Class or to put in a claim for the Settlement Fund. If you do not fall within the Settlement Class described below, this Notice does not apply to you.

## Who Is a Class Member?

The proposed Settlement Class will consist of all persons or entities that purchased or otherwise acquired Hortonworks securities between August 5, 2015 and January 15, 2016 (both dates inclusive). Excluded from the Settlement Class are the Settling Defendants and their immediate family members; any officer or director of Hortonworks during the Class Period; any entity in which any Settling Defendant has, or had during the Class Period, a controlling interest; and the heirs, successors-in-interest, or assigns of any excluded person. Additional details are listed within the long-form Notice, which can be obtained via download at www.strategicclaims.net/hortonworks.

## Overview And Status Of The Class Action, Lead Counsel

The case has been litigated since February 29, 2016. Plaintiffs allege that, in violation of the U.S. federal securities laws, Hortonworks's stock price was inflated during the Settlement Class Period. Plaintiffs allege that Defendants unlawfully inflated Hortonworks' stock price by misleading investors about Hortonworks' business prospects and operations, including by misleading investors about Hortonworks' liquidity, and its intent to raise capital. Plaintiffs allege that the misleading nature of Defendants' statements remained hidden until January 15, 2016, when Hortonworks announced plans to conduct a follow-on public offering of up to $100 million. Hortonworks's stock fell the next trading day. Plaintiffs allege that the Defendants' conduct at issue had inflated Hortonworks's stock price and that, when the truth was revealed, investors suffered injury. The Settling Defendants deny all of these allegations and all liability arising out of the conduct alleged. The Settlement will resolve the lawsuit and claims as to Settling Defendants Hortonworks, Robert G. Bearden and Scott J. Davidson, as well as other non-defendants known as the Released Persons. Plaintiffs and the Settlement Class are represented by Lead Counsel in the Class Action: Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

## HOW YOU CAN LEARN MORE ABOUT YOUR RIGHTS

If you purchased or otherwise acquired Hortonworks common stock during the Settlement Class Period, your rights may be affected by this Action and the Settlement thereof. If you have not received the detailed long-form Notice of Pendency and Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and Proof of Claim and Release Form, you may obtain them free of charge by downloading them at www.strategicclaims.net/hortonworks or by contacting the Claims Administrator via the information set forth below.

If you are a member of the Settlement Class and wish to share in the Settlement proceeds, you must submit a Proof of Claim no later than ________, 2017 establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of

whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than ________, 2017. Any objections to the Settlement, Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____________, 2017.

**The Notice, Stipulation of Settlement, and Proof of Claim form can be accessed and downloaded at** www.strategicclaims.net/hortonworks**.**

## The Claims Administrator

The name and contact information for the Claims Administrator, from whom you can obtain a copy of the long-form Notice, the Stipulation of Settlement, and the Proof of Claim form, are as follows:

Claims Administrator – Monachelli v. Hortonworks, Inc.
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Telephone (Toll-Free): 866-274-4004
Email: info@strategicclaims.net

Website: www.strategicclaims.net/hortonworks

## Please Retain Your Records And Keep Your Address Current

Settlement Class Members seeking payment pursuant to the Settlement will be required to document their trades in Hortonworks common shares during the Settlement Class Period. ***For this reason, please be sure to keep all records of your transactions in these securities.***

To ensure you receive any further notices, please inform the Claims Administrator of any address change. If this Notice was not sent to your current address, please provide it to the Claims Administrator now.

## Notice To Banks, Brokers And Other Nominees

The Court has ordered that if, for the beneficial interest of any other person, you held any Hortonworks common shares that were purchased during the Settlement Class Period, then, within ten (10) days after you receive this Notice, you must either:

(A) provide a list of the names and addresses of such beneficial owners to the Claims Administrator, preferably in an MS Excel data file, or printed on physical mailing labels; or

(B) request sufficient copies of this Notice to send copies to all such beneficial owners, send such Notices by first class mail within ten (10) days after receipt of such copies, and confirm in writing to the Claims Administrator that such notice has been sent. If you elect this option, you must also retain your mailing records for use in connection with any further notices that may be provided in this Class Action.

Under either option, upon full and timely compliance and submission of appropriate documentation to the Claims Administrator, per the contact information set forth above, you may obtain reimbursement for the reasonable administrative costs of complying with the obligations above.

Dated: _________, 2017

**By Order of the Court**
**United States District Court, Northern District of California**

**PLEASE NOTE: INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING**

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED HORTONWORKS, INC. ("HORTONWORKS") COMMON STOCK (STOCK SYMBOL: HDP) BETWEEN AUGUST 5, 2015 AND JANUARY 15, 2016, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD")**

**YOU ARE HEREBY NOTIFIED,** pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Northern District of California, that a proposed settlement has been reached in this action. A hearing will be held on ___________, 2017, at ______:00 a.m./p.m., before the Honorable Susan Illston, United States District Judge, at the courthouse for the United States District Court, Northern District of California Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

The purpose of the hearing is to determine, among other things: (1) whether the proposed Settlement of the Class claims against the Settling Defendants Hortonworks, Inc. ("Hortonworks"), Robert G. Bearden (its Chairman and Chief Executive Chairman), and Scott J. Davidson (its Chief Financial Officer) for a total consideration of one million one hundred thousand dollars ($1,100,000.00) should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable, and should be approved; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether Plaintiffs' request for a compensatory award should be granted; and (5) whether the Action should be dismissed with prejudice against the Settling Defendants as set forth in the Stipulation of Settlement (the "Stipulation") filed with the Court.

Lead Counsel representing Plaintiffs and the Settlement Class is Matthew L. Tuccillo, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

If you purchased or otherwise acquired Hortonworks common stock between August 5, 2015 and January 15, 2016, both dates inclusive (the "Settlement Class Period"), your rights may be affected by this Action and the Settlement thereof. If you have not received the detailed Notice of Pendency and Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and Proof of Claim and Release Form, you may obtain them free of charge by downloading them at www.strategicclaims.net/hortonworks or by contacting the Claims Administrator via the information set forth below.

If you are a member of the Settlement Class and wish to share in the Settlement proceeds, you must submit a Proof of Claim no later than ________, 2017 establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than ________, 2017. Any objections to the Settlement, Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than ______, 2017.

The Settlement Class excludes the Settling Defendants and their immediate family members; any officer or director of Hortonworks during the Class Period; any entity in which any Settling Defendant has, or had during the Class Period, a controlling interest; and the heirs, successors-in-interest, or assigns of any excluded person. Additional details are listed in the Notice and the Stipulation, which can be downloaded at www.strategicclaims.net/hortonworks.

Please direct inquiries, including requests for copies of the Notice, the Stipulation, and the Proof of Claim, to the Claims Administrator:

*Monachelli v. Hortonworks, Inc.*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel: 866-274-4004
Email: info@strategicclaims.net
www.strategicclaims.net/hortonworks

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL**

**DATED: ______________, 201__**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>**CLASS ACTION** |

**PROOF OF CLAIM AND RELEASE FORM**

## A. GENERAL INSTRUCTIONS & INFORMATION

1. You are urged to read carefully the accompanying Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and the Stipulation of Settlement ("Stipulation") filed with the Court. Both documents can be obtained via download at www.strategicclaims.net/hortonworks. All capitalized terms used herein shall have the same meaning as defined in the Notice and the Stipulation.

2. To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim Form and Release (the "Proof of Claim"). However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

**3. You must mail your completed and signed Proof Of Claim postmarked on or before ________________, 2017, addressed to the Claims Administrator at:**

***Monachelli v. Hortonworks, Inc.***
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel: 866-274-4004
Email: info@strategicclaims.net

4. If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

5. If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

**6. For help completing this Proof of Claim, please contact the Claims Administrator.**

## B. INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is**

**contained in the accompanying Notice. Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1. In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired Hortonworks, Inc. ("Hortonworks") common stock during the period between August 5, 2015 and January 15, 2016, inclusive (the "Settlement Class Period").

2. The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3. All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Hortonworks common stock. (Brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners.) If shares of Hortonworks common stock were owned jointly, all joint owners must complete and sign the Proof of Claim.

4. Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5. You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account, etc. Joint tenants, co-owners, or custodians UGMA should file a single claim. Claimants who file one or more claims (*e.g.*, one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6. The date of purchase and/or sale of shares of Hortonworks common stock is the "trade" date and not the "settlement" date.

7. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

8. Exercise of option contracts will be considered to be purchases or sales of common stock. Option premiums will be incorporated into the purchase/sale price of the common stock accordingly.

9. The date of covering a "short sale" is deemed to be the date of purchase of Hortonworks common stock; and the date of a "share sale" is deemed to be the date of sale of Hortonworks common stock. Shares originally sold short will have a Recognized Loss of zero.

10. No cash payment will be made on a claim with a potential distribution under ten dollars ($10.00).

11. You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Hortonworks common stock in order for your claim to be valid. If such documents are not available, a complete list of acceptable supporting documentation can be found on the Claims Administrator's website: www.strategicclaims.net/hortonworks. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

12. If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file. For a copy of instructions and the parameters concerning an electronic submission, contact the Claims Administrator by phone: 866-274-4004; or via the website: www.strategicclaims.net.

14. If you have questions or need additional Proofs of Claim, contact the Claims Administrator via the information in the preceding paragraph. You may make photocopies of this form.

*Monachelli v. Hortonworks, Inc.*

**PROOF OF CLAIM**

***The Claims Administrator must receive this form postmarked no later than __________, 2017.***

**C. CLAIMANT IDENTIFICATION** ***(Please Type or Print)***

_______________________________________________
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_______________________________________________
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_______________________________________________
Street Address

_______________________ _______________ _______________
City State Zip Code

_______________________ _______________________
Foreign Province / Country Social Security or Taxpayer Identification Number

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA

☐ Partnership ☐ Estate ☐ Trust ☐ Other: ____________

________ ________________ (Day) ________ ________________(Evening)
Area Code Telephone Number Area Code Telephone Number

_______________________ _______________________
Facsimile Number E-Mail Address

_______________________________________________
Record Owner's Name and Address *(if different from beneficial owner listed above)*

_______________________________________________

D. <u>SCHEDULE OF TRANSACTIONS IN HORTONWORKS COMMON STOCK</u>

1. State the total number of shares of Hortonworks common stock owned at the close of trading on August 4, 2015, long or short *(if none, enter "0"; if other than zero, must be documented):*

2. Separately list each and every **purchase** of Hortonworks common stock during the period August 5, 2015 **through** January 15, 2016, inclusive, and provide the following information *(must be documented):*

| **Purchase Date** *(list chronologically)* **Month/Day/Year** | **Number of Shares Purchased** | **Price Per Share** *(excluding commissions, taxes, and other fees)* | **Total Purchase Price** *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

3. Separately list each and every **sale** of Hortonworks common stock during the period August 5, 2015 **through** January 15, 2016, inclusive, and provide the following information *(must be documented):*

| **Sale Date** *(list chronologically)* **Month/Day/Year** | **Number of Shares Sold** | **Price Per Share** *(excluding commissions, taxes, and other fees)* | **Total Sale Price** *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

4. State the total number of shares of Hortonworks common stock owned at the close of trading on January 15, 2016, long or short *(if none, enter "0"; if other than zero, must be documented):*

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION OR THE W-8 CERTIFICATION BELOW**

## E. SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim Form and Release, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation. I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class Member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## F. RELEASE

1. By signing this Proof of Claim Form and Release, I/we hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Settlement Class Claims each and all of the "Released Persons" defined as, collectively, each and all of (i) the Settling Defendants, the members of each Individual Defendant's immediate family, any entity in which any Settling Defendant or member of any Individual Defendant's immediate family has, or had during the Class Period, a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his family; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, controlling shareholders, directors, divisions, domestic partners, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters and other retained professionals, in their respective capacities as such.

2. "Settlement Class Claims" means, collectively, any and all claims, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or Unknown Claims, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that any of Plaintiffs or the Settlement Class Members: (i) asserted in the Action; (ii) could have or might have asserted in the Action and/or in any other litigation, action, or forum, and which arise out of, are based upon, or are related in any way, directly or indirectly, in whole or in part, to (a) both: (1) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Action, and (2) any purchase, sale, acquisition of, or decision to hold, Hortonworks common stock during the Settlement Class Period; and/or (b) the Settling Defendants' defense or settlement of the Action and/or the Settling Defendants' defense or settlement of the Settlement Class Claims; and/or (iii) could or might assert related to the administration of the Settlement with respect to which the Released Persons' obligations are limited to the requirement that the Settling Defendants pay the Settlement Consideration and assist with identifying Settlement Class Members and excluded persons as set forth in the Stipulation. Notwithstanding the foregoing, "Settlement Class Claims" does not include claims relating to the enforcement of the Settlement.

3. "Unknown Claims" means collectively, any and all Settlement Class Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor, and any Defendant Claims that any Settling Defendant does not know or suspect to exist in his, her or its favor, which, if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself

from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Settlement Class Claims and Defendant Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settlement Class Members (as regards the Settlement Class Claims) and the Settling Defendants (as regards the Defendant Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 ("CCC § 1542"), or any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable or equivalent in effect to CCC § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## G. REPRESENTATIONS

I/We acknowledge that I/we have read the Notice of Pendency and Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/We represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Litigation, a member of the immediate family of any of the Defendants, or anyone excluded from the Settlement Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Class.

I/We hereby warrant and represent that I/We have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion hereof.

I/We hereby warrant and represent that I/We have included information about all of My/Our transactions in Hortonworks common stock which occurred during the Settlement Class Period as well as the number of shares of Hortonworks common stock held by Me/Us at the close of trading on August 4, 2015 and on January 15, 2016, respectively.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim Form and Release.

## H. CERTIFICATION

I/We certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased or otherwise acquired the Hortonworks common stock listed in the above Schedule during the period between August 5, 2015 and January 15, 2016, inclusive.**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____________ day of __________________________________, 2017 in:

_____________________________________________________

(City) (State/Country)

________________________________
Signature of Claimant

________________________________
(Print your name here)

________________________________
Signature of Joint Claimant, if any

________________________________
(Print your name here)

________________________________
Signature of Person signing on behalf of Claimant

________________________________
(Print your name here)

________________________________
Capacity of person signing on behalf of Claimant, if other than an individual, (Executor, President, Custodian, etc.)

**SUBSTITUTE FORM W-8:** IF YOU ARE NOT A RESIDENT OR CITIZEN OF THE UNITED STATES, COMPLETE THE FOLLOWING:

Permanent residence (principal office if a corporation)

If your claim is connected with a trade or business conducted in the U.S., please provide the name and address of your U.S. business, the type of business, and the Federal Tax Identification Number of the U.S. business.

________________________________________________________________
Name of U.S. Business

________________________________________________________________
Address of U.S. Business

________________________________ ________________________________
Type of Business Tax Identification Number

**W-8 Certification:** Under the penalties of perjury, I certify that the information provided above is true, correct and complete.

Signature(s) ________________________________ Date: ____________________

________________________________ Date: ____________________

**THIS SPACE INTENTIONALLY LEFT BLANK**

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above Release and Certification (or W-8 Certification).
2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website at www.strategicclaims.net.
3. Do not send originals of securities certificates.
4. Keep copies of the completed claim form and documentation for your own records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**
6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

If you have questions or concerns regarding your claim, please contact the Claims Administrator at:

*Monachelli v. Hortonworks, Inc.*
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Tel: 866-274-4004

# EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>**Class Action**<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>The Hon. Susan Illston |

On the ____ day of ____, 2017, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 27, 2017 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Hortonworks, Inc. ("Hortonworks"), Robert G. Bearden, and Scott J. Davidson (collectively, the "Settling Defendants") as a settlement of this litigation (the "Settlement"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approval of Settlement ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Settling Defendants.

3. In the Preliminary Approval Order the Court certified, for purposes of the Settlement only, the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Settlement Class consisting of all Persons who purchased or otherwise acquired Hortonworks securities during the period of August 5, 2015 through January 15, 2016 (both dates inclusive). Excluded from the Settlement Class are the Settling Defendants and their immediate family members; any officer or director of Hortonworks during the Class Period; any entity in which any Settling Defendant has, or had during the Class Period, a controlling interest; and the heirs, successors-in-interest, or assigns of any excluded person. Also excluded are those persons who filed valid and timely requests for exclusion in accordance with this Order, as set forth in Exhibit A hereto.

4. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention

or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit A to this Order and Final Judgment.

5. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement is the result of good-faith, informed, arm's length negotiations between competent, experienced counsel representing the interests of the respective Settling Parties and there was no improper collusion in connection with the negotiation of the Stipulation. Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. Except with respect to individual claims by persons who have validly and timely requested exclusion from the Settlement Class (listed on Exhibit A), all of the claims asserted in the Action against the Settling Defendants are hereby dismissed with prejudice.

7. Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement

Class Claims (including Unknown Claims), against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Settlement Class Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant hereto and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

8. Settling Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Action, Lead Counsel and their attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiffs, Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any other action or any proceeding, in

any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

9. The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

10. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

a. against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Action, or the validity of any claim that has been or could have been asserted against any of the Settling Defendants in the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants;

b. against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action;

c. against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling

Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d. against any of the Settling Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

e. against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

f. as evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

11. Notwithstanding the foregoing Paragraph 10, the Settling Parties and other

Released Persons may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

12. Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulations, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

13. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

14. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

15. Any order entered regarding any plan of allocation submitted by Lead Counsel, any order entered regarding any attorneys' fees and expenses, or any compensatory award to Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the

Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action. In such circumstances, the parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action, which schedule shall include twenty-one (21) days for Plaintiffs to file a further amended complaint.

17. In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to the Settling Defendants. Plaintiffs and the Settlement Class Members shall have no responsibility for the return of such consideration.

18. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Dated: ____________, 2017

_________________________________
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>**Class Action**<br><br>**[PROPOSED] ORDER REGARDING PLAN OF ALLOCATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND PLAINTIFF COMPENSATORY AWARDS**<br><br>The Hon. Susan Illston |

On the ____ day of ____, 2017, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 27, 2017 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Hortonworks, Inc. ("Hortonworks"), Robert G. Bearden, and Scott J. Davidson (collectively, the "Settling Defendants") as a settlement of this litigation (the "Settlement"); (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and (3) whether to approve Plaintiffs' application to the Court for an award of attorneys' fees, reimbursement of expenses, and compensatory awards for the Plaintiffs; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approval of Settlement ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Settling Defendants.

3. This Order addresses matters not otherwise addressed in the Court's Order and Final Judgment contemporaneously entered in the Action.

4. Plaintiffs' counsel are awarded attorneys' fees in the amount of $________ and expenses in the amount of $________, such amounts to be paid from out of the Gross Settlement Fund ten (10) calendar days following the entry of this Order. In the event that the Court's Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within ten (10) business days from the event which precludes the Effective Date from occurring or the termination of the Stipulation, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

5. Plaintiffs are each awarded the sum of $________, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Gross Settlement Fund upon the Effective Date of the Settlement.

6. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

Dated: ____________, 2017

________________________________
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE