**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>Defendants. | Case No. 3:16-cv-00980-SI<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT<br><br>The Hon. Susan Illston |

WHEREAS,

(A) This securities class action was filed by Plaintiff William Monachelli ("Monachelli") on February 29, 2016. The initial complaint (Dkt. No. 1) named Defendants Hortonworks, Inc. ("Hortonworks"), Robert G. Bearden ("Bearden") and Scott J. Davidson ("Davidson"). It asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.

(B) On April 29, 2016, two movants, including Randall A. Arvidson ("Arvidson" or "Lead Plaintiff"), filed motions and supporting papers seeking appointment by the Court to serve as lead plaintiff under the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4.

(C) On June 1, 2016, the Court entered an Order appointing Arvidson to serve as Lead Plaintiff and appointing his choice of counsel, Pomerantz LLP (also counsel for Plaintiff Monachelli), to serve as Lead Counsel.

(D) On July 28, 2016, Plaintiffs Arvidson and Monachelli (together, "Plaintiffs") filed their First Amended Complaint for Violation of the Federal Securities Laws (Dkt. No. 42). This

1

Amended Complaint, which included allegations by certain confidential witnesses, also asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that Defendants made material misstatements and omissions between August 5, 2015, and January 15, 2016, concerning Hortonworks' business operations and prospects.

(E) On September 12, 2016, Defendants filed a motion to dismiss the claims of the Amended Complaint, supported by a memorandum of law, declaration, and various materials for which they sought judicial notice (Dkt. Nos. 43-45). Plaintiffs opposed the motion to dismiss and request for judicial notice (Dkt. Nos. 46-47). Defendants filed their reply, along with an additional declaration and supplemental request for judicial notice on November 17, 2016 (Dkt. Nos. 48-51).

(F) By Order dated December 5, 2016 (Dkt. No. 52), the Court granted Defendants' motion to dismiss, without prejudice. Its Order gave Plaintiffs until January 6, 2017 to file a further amended complaint.

(G) Lead Counsel and counsel for Defendants Hortonworks, Bearden, and Davidson (the "Settling Defendants") thereafter engaged in extensive settlement negotiations, while Plaintiffs continued to investigate a potential further amended complaint, including through work done by their private investigator. Thereafter, Lead Counsel and counsel for Settling Defendants negotiated a Memorandum of Understanding, executed on January 5, 2017.

(H) Per a Stipulated Schedule between Plaintiffs and Settling Defendants, which they filed on January 5, 2017 (Dkt. No. 53) and which the Court so ordered on January 9, 2017 (Dkt. No. 54), the deadline for Lead Plaintiff to file a further amended complaint has been stayed pending the settlement approval process outcome.

(I) Plaintiffs, on their own behalf and on behalf of a proposed Settlement Class, and the Settling Defendants entered into a Stipulation of Settlement on May 24, 2017 (the

"Stipulation") setting forth the terms of their proposed settlement (the "Settlement").

(J) Plaintiffs have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an order approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Action as to the Settling Defendants.

(K) The Court having reviewed and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof; the terms and conditions of the proposed Settlement as set forth in the Stipulation, a copy of which has been submitted with the Motion; and all other prior proceedings in this Action, and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

**Conditional Certification of the Class**

4.  For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All Persons who purchased or otherwise acquired Hortonworks securities during the period of August 5, 2015 through January 15, 2016 (both dates inclusive).  Excluded from the Settlement Class are the Settling Defendants and their immediate family members; any officer or director of Hortonworks during the Class Period; any entity in which any Settling Defendant has, or had during the Class Period, a controlling interest; and the heirs, successors-in-interest, or assigns of any excluded person.

5.  The Court preliminarily finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied, and certifies a class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.  Based on the finding that Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court conditionally appoints Plaintiffs as the class representatives for the Settlement Class.  The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and conditionally appoints Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g).  These conditional appointments are solely for purposes of effectuating the Settlement.

7.  If the Stipulation is terminated or is not consummated for any reason, the

foregoing conditional certification of the Class and appointment of the Class Plaintiffs and class counsel shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order and before execution of the MOU and the Stipulation without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action, and with Plaintiffs having twenty-one (21) days thereafter to further amend their complaint.

8. The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9. The Court approves the appointment of Strategic Claims Services as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims.

### Stay Order

10. The Court orders the stay of any pending litigation and enjoins Plaintiffs, all other Settlement Class Members, and anyone who acts or purports to act on their behalf, from commencing or prosecuting, in any court, arbitration, or other tribunal, any action which asserts any Settlement Class Claims against any of the Released Persons.

### Form and Timing of Notice

11. The Court hereby approves, as to form and content, the proposed Notice, substantially in the form of Exhibit __B2__ [B1 or (B2)] to the Stipulation, and directs that as soon as practicable after entry of this Order, but no later than ~~twenty-one (21) days after entry of this Order~~ June 30, 2017 granting preliminary approval, the Settlement Administrator shall provide the Notice to each known Settlement Class Member via U.S. mail, postage pre-paid. Per the terms of the Stipulation, Hortonworks shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent

and shall also assist in identifying persons to be excluded from the Settlement Class. At least ten (10) days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof of mailing of the Notice.

12. Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Hortonworks common stock for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Hortonworks common stock purchased or otherwise acquired during the Settlement Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator. The Settlement Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

13. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

14. The Court hereby approves, as to form and content, the proposed form Summary Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one days after entry of this Order granting preliminary approval Lead Counsel shall cause such Summary Notice to be published on a national business Internet newswire. At least ten (10) days prior to the Settlement Hearing, Lead counsel shall file with the Court proof of publication of the Summary Notice.

15. The Court approves the proposed Proof of Claim substantially in the form of Exhibit D to the Stipulation.

16. This Court preliminarily finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, contemplated by the Stipulation

and this Order:

  (a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

  (b) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; (v) their right to submit a claim as part of the settlement; and (vi) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

  (c) Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

  (d) Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

### Participation and Opt Out

17. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than _August 18_, 2017. Any Class Member who does not submit a Proof of Claim and

Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the Settlement and all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.  Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than ~~twenty-one (21) days prior to the date of the Settlement Hearing~~ August 18, 2017. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

19.  Upon receiving any request(s) for exclusion, Lead Counsel or the Claims Administrator shall promptly provide copies of such request(s) to Settling Defendants' counsel via facsimile or electronic mail within five (5) business days, and in any event ~~not less than fourteen (14) days prior to the Settlement Hearing~~ no later than September 8, 2017.

**Settlement Hearing; Right to Appear and Object**

20. The Settlement Hearing shall take place before the undersigned, United States District Judge Susan Illston, in Courtroom 1, 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on September 22, 2017, at 10:00 a.m./p.m., to determine:

    (a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

    (b) Whether a Judgment as provided in the Stipulation should be entered herein;

    (c) Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

    (d) Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

    (e) Whether the application for a compensatory award to be submitted by Plaintiffs should be approved; and

    (f) Such other matters as the Court may deem necessary or appropriate.

21. The Plan of Allocation, Lead Counsel's application for an award of attorneys' fees, and Plaintiffs' compensatory award will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal relating solely to the Plan of Allocation, solely to Lead Counsel's application for an award of attorneys' fees and expenses, or solely to Plaintiffs' application for a compensatory award shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

22. The Court may finally approve the Stipulation at or after the Settlement Hearing

with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

23. Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, ~~unless no later than twenty-one (21) days~~ September 1, 2017 before the Settlement Hearing, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection.  Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded Hortonworks common stock purchased and sold during the Class Period on the NASDAQ, or by other means involving transactions in the United States, and the prices and dates of such transactions. Settlement Class Members wishing to appear in person at the Settlement Hearing must submit a Notice of Intention to Appear with the objection.  If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel must submit a Notice of Intention to Appear with the objection.  Objection materials must be sent to the following:

| *for* Lead Counsel: | *for* Defendants' Counsel: |
| --- | --- |
| Matthew L. Tuccillo | Jordan Eth |
| Pomerantz LLP | Morrison & Foerster LLP |
| 600 Third Avenue | 425 Market Street |
| New York, NY 10016 | San Francisco, CA 94105-2482 |

Court:
Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

24.  Lead Counsel shall file all papers, including memoranda or briefs in support of the Settlement, the Plan of Allocation, an award of attorneys' fees and reimbursement of expenses, and Plaintiffs' compensatory award no later than ~~twenty-eight (28) calendar days prior to the Settlement Hearing~~ August 25, 2017.  Reply papers, if any, shall be filed no later than ~~seven (7) calendar days prior to the Settlement Hearing~~ September 15, 2017.

25.  Lead Counsel shall file any response to objections (if any are received) by no later than ~~fourteen (14) days prior to the Settlement Hearing~~ September 8, 2017.

26.  The Court reserves the right to adjourn or continue the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind.  The Court may approve the Settlement with modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class.

27.  If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged in the Amended Complaint, or which could have been alleged, or which otherwise were at issue in the Action.

**Other Provisions**

28.  Upon payment of the Settlement Consideration to the Escrow Account by the

- 11 -

Settling Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

29. Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Hortonworks' shareholder transfer records and to assist in identifying persons to be excluded from the Settlement Class, both in accordance with the terms of the Stipulation, in no event shall the Settling Defendants or any of the Released Persons have any responsibility for the administration of the Settlement, and neither the Settling Defendants nor any of the Released Persons shall have any obligation or liability to the Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

30. No Person shall have any claim against Plaintiffs, Lead Counsel, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Persons, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

31. The Settling Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Amended Complaint and the Action and have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of

further litigation. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) Against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Settling Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants;

(b) Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Amended Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Action;

(c) Against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is

approved by the Court, the Settling Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

(d) Against any of the Settling Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

(e) Against the Plaintiffs or any Settlement Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(f) As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

32. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

**SO ORDERED** in the Northern District of California on ___June 12___, 2017.

_____
THE HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE