**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MONACHELLI and RANDALL A. ARVIDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HORTONWORKS, INC., ROBERT G. BEARDEN, and SCOTT J. DAVIDSON,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:16-cv-00980-SI<br><br>**[~~PROPOSED~~] ORDER ON DISTRIBUTION OF CLASS SETTLEMENT FUNDS**<br><br>Class Action |

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Distribution of Class Settlement Funds is granted.

2. The Net Settlement Fund resulting from the approval of settlement in this case between Plaintiffs and the Settlement Class, on the one hand, and Defendants, on the other hand (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants according to the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process, dated December 12, 2017 (the "Bravata Declaration"), at the direction of Class Counsel pursuant to the Stipulation and Agreement of Settlement ("Stipulation of Settlement") (Docket No. 65); and the Court's Order and Final Judgment, dated October 10, 2017 (the "Order and Final Judgment") (Docket No. 81);

3. Any person asserting any rejected or subsequently filed claims are finally and forever barred from the date of this Order and no claim received on or after November 18, 2017 may be accepted for any reason whatsoever.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund complies with the terms of the Stipulation of Settlement and the Plan of Allocation, and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Gross Settlement fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund and the Released Persons beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and the Settlement Administrator, Strategic Claims Services ("SCS"), are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

6. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after SCS has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any

1

balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 (ten dollars) from such redistribution.

7. If any funds shall remain in the Net Settlement Fund six months after such redistribution, then such balance shall be contributed to the Institute for Law and Economic Policy.

8. Following distribution of the Net Settlement Fund, SCS is hereby ordered to maintain the completed Proofs of Claims on file for three years after the Effective Date as defined in the Stipulation.

9. This Court retains jurisdiction over any further application or matter which may arise in connections with this action.

10. January 19, 2018 hearing is vacated.

Dated: ~~December 11, 2017~~
       1/8/18

SO ORDERED:

_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE